LIZZIE BROWN v. MAX HARRIS, PROSECUTOR.

Submitted July 3, 1901—Decided November 11, 1901.

1. The holder of a chattel mortgage, which had not been recorded, and which was not followed by an actual and continued change of possession of the things mortgaged, made a sale thereunder, at which B. bought the mortgaged goods. Pending the proceedings to sell, but before the sale, the landlord of the mortgagor had distrained the goods for rent in arrears, and they were afterwards sold under the distress proceedings to one H., who took the same out of the possession of B. B. afterwards brought suit in tort against H., and recovered the value of the goods. *Held*, on review, that the chattel mortgage, by force of the fourth section of the Chattel Mortgage act (*Gen. Stat., p.* 2113, § 52), was void against creditors, and that the sale thereunder conveyed no title, as against the purchaser, under the distress proceedings.

2. It was also held that it did not avail anything in favor of the plaintiff; that the mortgagor had taken the goods into his possession ten months after the mortgage was delivered, or that notice of the existence of the mortgage was given to the landlord after the rent was due and before the distress.

3. The Chattel Mortgage act of May 2d, 1885 (*Gen. Stat., p.* 2113), is not repealed by the provisions of an "Act respecting conveyances" [Revision of 1898], approved June 14th, 1898 (*Pamph. L., p.* 670), relating to the recording of certain chattel mortgages and conveyances of personal property.

4. In the conduct of sales under an "Act concerning distresses" [Revision], approved March 27th, 1874 (*Gen. Stat., p.* 1207), although the statute is silent as to adjournments, after the sale itself has been properly advertised, a reasonable adjournment of the sale may be lawfully made, by public announcement, without further advertising.

On *certiorari.*

Before Justices GUMMERE and HENDRICKSON.

For the prosecutor, *Clarence Kelsey.*

For the defendant, *John Mulford Enright.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up for review a judgment of the First District Court of the city of Jersey City in an action of tort, which was tried without a jury.

Lizzie Brown, the plaintiff, seeks to recover damages for certain chattels seized and taken out of her possession by the defendant below. The plaintiff derives her claim of title to the goods in dispute by having become the purchaser thereof at a sale made under a chattel mortgage given by one Williams to the husband of the plaintiff, dated December 19th, 1898, which has not been recorded. The defendant claims ownership of the goods as the purchaser thereof at a sale made under proceedings of distress for arrears of rent due from Williams, the owner. An examination of these sources of title and a determination of the right of priority of the respective liens under which these sales were made, and the regularity of the latter, becomes necessary in determining the validity of the judgment under review.

The defendant's contention is that the chattel mortgage, although good between the parties, was void as to creditors of the mortgagor. Williams, the mortgagor, remained in possession of the goods from the date of its execution until the fall of 1899, when he became the tenant of one Dranow, and thereupon sublet one of the apartments to Brown, the mortgagee; and the findings of the judge show that Williams made default in payment of the mortgage, and that on October 20th, 1899, Brown, having license from Williams to use the shop and stable on the premises rented jointly with him, took possession of the goods, consisting of one truck and one spring wagon, and remained in possession of the same there until April 30th, 1900, the date of the chattel mortgage sale.

The rent in arrears was $150, for the months of January,

February and March, 1900. On March 30th, 1900, Dranow distrained for the rent. · On April 30th, 1900, the day of the chattel mortgage sale, Dranow attended, and, before the sale, gave notice to plaintiff that the goods were distrained for rent. But notwithstanding this notice, plaintiff became the purchaser. In the meantime notice of sale under the distress proceedings had been regularly advertised to take place on April 27th, 1900, and on that day the sale was adjourned, by oral announcement, for one week, until May 4th, 1900; and on the adjourned day, before the sale, the plaintiff gave public notice to the persons present, including the defendant, that the goods to be offered were covered by the chattel mortgage in question, and had been bought by her at the sale made thereunder. Notwithstanding this notice, the goods were struck off and sold to the defendant, who at once took possession of them.

The first question to be considered is was this chattel mortgage a valid encumbrance against Dranow, the creditor, notwithstanding the fact that it was not recorded and was not followed by an actual and continued change of possession of the things mortgaged. When these conditions are both absent it is declared, by the fourth section of the Chattel Mortgage act, approved May 2d, 1895, that such a mortgage shall be absolutely void as against the creditors of the mortgagor. *Gen. Stat., p.* 2113, § 52. The contention that the taking possession of the goods ten months after the execution and delivery of the mortgage, as was done in this case, fulfills the requirement of the statute, cannot be maintained. It is well settled in this state that, under the fourth section of the Chattel Mortgage act, unless the mortgagee takes possession or records his mortgage immediately, his mortgage is postponed as to all creditors, whether they become such before or after the mortgage is recorded or possession taken. *Roe* v. *Meding, 8 Dick. Ch. Rep.* 350; *Williamson* v. *Railroad Co., 2 Stew. Eq.* 336; *Bank* v. *Sprague, 6 C. E. Gr.* 530. Nor does it avail anything in favor of the plaintiff that notice of the existence of the mortgage was given to the landlord (Dranow) after the rent was due and before the distress. It was held in

*Williamson* v. *Railroad Co.,* 2 *Stew. Eq.* 337, that notice or knowledge will not preclude the creditor from treating such a mortgage as void.

But the plaintiff contends further that the Chattel Mortgage act of May 2d, 1885, has been repealed by an "Act respecting conveyances" [Revision of 1898], approved June 14th, 1898 (*Pamph. L., p.* 670), and that sections 21, 53 and 54 of this act, together with the general repealer of inconsistent acts in section 98, provide an entirely new and exclusive method of the recording of chattel mortgages and of giving effect to such instruments when unrecorded. It is argued that the effect of a proviso in section 54 of this act is to render chattel mortgages valid and operative, although not recorded, except as against subsequent judgment creditors, purchasers and mortgagees in good faith, without notice, and, as applied to this case, to render the plaintiff's title to the goods valid and exclusive. This would seem to be the effect if the act applies. We think, however, that this act was not intended to repeal the act of May 2d, 1885, and that it does not. There is no provision in the later act for the express repeal of the former, and before such a repeal can be inferred from a general clause repealing all inconsistent acts it must appear that the former act is clearly inconsistent and irreconcilable with the provisions of the later act, and then the repeal is confined to the conflicting provisions. 23 *Am. & Eng. Encycl. L.* 478. A further rule to be applied is that repeals by implication are not favored and will not be decreed unless it is manifest that the legislature so intended. *Id.* 491.

There is one class of personal property, at least, excluded from the operation of the former act to which I think the provisions of the later act may be applied. It is provided in section 4 of the act of May 2d, 1885, that the act shall not apply to any mortgage of personal property included in a mortgage of franchises and real estate made by any railroad company, which shall be recorded in every county where such railroad is located, and that it shall not be necessary to record as a chattel mortgage any such mortgage therein described.

The fact that the act of 1898, which requires the chattel mortgages mentioned to be recorded in the county where the property lies, instead of the county where the mortgagor, if a resident of this state, resides at the time of the execution of the mortgage, as required by the former act, gives some support to this construction. Another clause in section 21 of the act of 1898, which, in directing the recording of chattel mortgages and other instruments named affecting goods, chattels and personal property in the county where the property lies, adds the words "unless otherwise directed in this or any other act," also points to the construction here contended for.

Again, one of the *indicia* of such an implied repeal is that the later act shall fully embrace the subject-matter of the earlier act. 23 *Am. & Eng. Encycl. L.* 492. It must be apparent that the later act is entirely silent upon many of the important provisions of the former act which have been deemed essential to the proper protection of this class of securities, and we cannot readily conclude that the legislature intended, in passing this later act, to abandon so many of these wise provisions.

The constitutionality of this act, in case it was held to repeal the act of 1885, was questioned, on the ground that chattel mortgages were not within the object described in the title. But, under the view we have taken, this question need not be considered.

The legal result, then, is that the plaintiff derived no title to the goods through the mortgage sale as against Dranow, the creditor, and if the proceedings of the latter, by distress and sale, were regular, the defendant's title to the goods is unassailable, and he is entitled to a reversal of the judgment.

The question is raised that since the state of facts shows that neither the landlord nor his bailiff, the constable, did take actual possession of the goods distrained, that therefore the goods were never actually distrained; that actual seizure was necessary, citing *Woodside* v. *Adams,* 11 *Vroom* 417. The case shows that the goods were distrained and that an inventory and appraisement of the same were made and notice

given to the tenant. We must assume from this statement of the facts that the distress was lawfully executed. The fact that the goods were left on the premises, in the possession of the tenant or his mortgagee, after the distress was made, is not significant, and does not invalidate the proceeding. In *Newell* v. *Clark,* 17 *Id.* 363, this court held that a distress may be made without actual seizure; that where the landlord went upon the premises demised and where the tenant's goods were, and made an inventory of them, and put up a notice of the distress and served such notice upon the tenant, these acts amounted to a distress. *Woodside* v. *Adams, supra,* is not inconsistent with this view.

But the plaintiff further contends that the sale was invalid because made on the day to which it had been adjourned. He insists that there is no provision in the statute for an adjournment, and hence, though the sale itself was legally advertised, the adjournment should also have been advertised, by posting notices in three places. *Gen. Stat., p.* 1208, § 6. It does not appear that anyone suffered any special injury because of the adjournment of one week, which was orally announced. On the adjourned day, among others, the attorney of the plaintiff was present and gave the notice before referred to, but did not object to the sale because the adjournment had not been advertised. We think where such a sale was properly advertised in the first instance that a reasonable adjournment thereof, by public announcement, does not invalidate the sale made on the adjourned day. *Holland* v. *Townsend,* 136 *Pa. St.* 392. See, also, 12 *Am. & Eng. Encycl. L.* 218 and *notes* 1 and 2. Even though such an adjournment should be considered an irregularity, it is not such a one as would render the sale void. 9 *Id.* (*2d ed.*) 655 and *note* 5.

The result is that the judgment below should be reversed.