RANSOM & RANDOLPH CO. v. MOORE.

1. CHATTEL MORTGAGES—FILING—INTERIM CREDITORS—LIENS.
Interim creditors of mortgagor under unfiled chattel mortgage without knowledge of existence of such mortgage may assert a lien upon the property even after the mortgage has been filed (3 Comp. Laws 1929, § 13424 *et seq.*).

2. SAME—FILING—PURPOSE OF STATUTE.
Purpose of statute relating to filing of chattel mortgages was to protect *bona fide* innocent creditors against danger of being misled into extending credit to a debtor with a secret lien on his property (3 Comp. Laws 1929, § 13424 *et seq.*).

3. SAME—REPOSSESSION OF PROPERTY—FILING—INTERIM CREDITORS.
Mortgagee under an unfiled chattel mortgage cannot, by subsequently taking possession of the property under and by virtue of his void mortgage, acquire any right as against an interim creditor who extended credit to mortgagor between date of execution of the mortgage and the taking of possession by mortgagee but interim creditor, by legal process, may reach the property in the hands of the mortgagee after he has so repossessed it (3 Comp. Laws 1929, § 13424 *et seq.*).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 5, 1935. (Docket No. 87, Calendar No. 38,347.) Decided May 17, 1935.

Replevin by Ransom & Randolph Company, an Ohio corporation, against Claude W. Moore and Melvin L. Straus and Joseph D. Blosser, trustees for the Book Building, and others for dental equipment sold defendant Moore under a chattel mortgage contract providing for retention of title in vendor until purchase price was fully paid. Union Guardian Trust Company, as trustee for the estate

of Claude W. Moore, bankrupt, substituted as party defendant for defendants Moore, Straus and Blosser. Motion for summary judgment by defendant Union Guardian Trust Company. Motion denied. Judgment for plaintiff. Defendant Union Guardian Trust Company appeals. Reversed and remanded.

*Kenneth E. Raine,* for plaintiff.

*Marion K. Kellogg,* for defendant Union Guardian Trust Company.

BUTZEL, J. On June 16, 1930, Ransom & Randolph Company sold office furniture, fixtures and equipment to Claude W. Moore on a chattel mortgage contract providing for retention of title to the property by the company until the purchase price was fully paid, that in the event of default the company might take possession of the property without legal process and sell it at public or private sale without notice to Moore, and that if insufficient was realized to pay the debt and cost of removal, sale and storage, Moore would be liable for the deficiency. The chattel mortgage contract was never filed or recorded, and possession of the property remained in Moore from the date of the contract. Subsequent to the execution of the agreement, and without notice thereof, the Book Building, Inc., and/or its trustees and assignees, Straus and Blosser, extended credit to Moore for an amount far in excess of the value of the property covered by the chattel mortgage, as appraised at the time the present controversy arose.

On February 24, 1934, Straus and Blosser, trustees, etc., recovered a judgment against Moore for over $8,000, which sum included the amount of

credit extended to Moore subsequent to the execution of the mortgage agreement. On April 2, 1934, at 10:30 a. m., Ransom & Randolph Company, acting under the mortgage agreement, took possession of the chattels. Two hours later the sheriff of Wayne county levied on the same property under writ of execution issued under the judgment. The chattels were replevied by Ransom & Randolph Company on the following day, through the coroner, and were appraised at $1,702.70, conceded by stipulation to be a fair valuation. On April 28, 1934, Moore was adjudicated a bankrupt and the Union Guardian Trust Company was appointed receiver shortly thereafter. On June 7, 1934, an order was entered by the referee in bankruptcy, which in effect transferred the lien obtained by the levy of the execution from Straus and Blosser as trustees, to the bankrupt estate, and subrogated the Union Guardian Trust Company, as receiver, to their rights. The trust company was then substituted as party defendant in the replevin action, and filed a motion for summary judgment in its favor. The trial judge denied the motion and rendered judgment in favor of plaintiff.

The main question that arises is whether a mortgagee under an unrecorded chattel mortgage, who at a later date takes possession of the mortgaged property by virtue of his mortgage, thereby obtains a right paramount to that of an interim creditor, who without knowledge of the mortgage extended credit to the mortgagor between the date of execution of the mortgage and the taking of possession by the mortgagee, but who did not obtain a lien upon the property until after such possession was taken. An examination of the cases reveals a decided conflict

on this question. The question arose in New York
in *Stephens* v. *Perrine,* 143 N. Y. 476 (39 N. E. 11),
under a statute similar to the Michigan recording
act. It was there held that the mortgage, as to
creditors of the mortgagor, was always void, and
continued to be void notwithstanding the fact that
the mortgagee assumed to take possession under,
and to sell the property by virtue of, such void in-
strument; that the mortgagee could therefore not
acquire title to the property as against the creditors
by taking possession thereof by virtue of such
void instrument before the creditors were armed
with a judgment and execution. The court stated
that if, before any lien had been acquired by the
creditors, there had been a *bona fide* transfer of the
property by the mortgagor to the mortgagee in
payment of the debt, the creditors could not have
recovered, but held that the question was not in-
volved since the mortgagee had acted under and by
virtue of her mortgage all the time, and had taken
possession under the assumed right given by the
mortgage. Also, see, *Skilton* v. *Codington,* 185 N. Y.
80 (77 N. E. 790, 113 Am. St. Rep. 885). The New
York rule has been followed in *Landis* v. *McDonald,*
88 Mo. App. 335; *Williamson* v. *Railway Co.,* 28
N. J. Eq. 277; *Brown* v. *Harris,* 67 N. J. Law, 207
(50 Atl. 689); *Loosemore* v. *Baker,* 175 Cal. 420
(166 Pac. 26); *Ruggles* v. *Cannedy,* 127 Cal. 290 (53
Pac. 911, 59 Pac. 827, 46 L. R. A. 371).

There is apparently much authority to the con-
trary. *Cameron, Hull & Co.* v. *Marvin,* 26 Kan. 612;
*Frick Co.* v. *Oats,* 20 Okla. 473 (94 Pac. 682); *In re
Schilling,* 251 Fed. 972; *Boyer* v. *M. D. Knowlton
Co.,* 85 Ohio St. 104 (97 N. E. 137, 38 L. R. A. [N. S.]
224); *Ogden* v. *Minter,* 91 Ill. App. 11; *Kettenbach*
v. *Walker,* 32 Idaho, 544 (186 Pac. 912); *Bogdon* v.

*Fort,* 75 Col. 231 (225 Pac. 247), etc.   In some of these cases it is held that where the mortgagee subsequently records his mortgage or takes possession of the mortgaged property before a lien is obtained thereon by an interim creditor, it amounts to a preference given the mortgagee by the mortgagor at the time of the recording or taking of possession.   The significance of many of the decisions as authority on the question here involved is discounted, however, by the fact that it frequently does not appear whether the creditors against whom the decision was rendered were merely prior creditors or interim creditors, and by the further fact that many of the cases are based on recording statutes containing provisions differing from those in the Michigan act.

Although the precise question here raised has never been squarely ruled upon in Michigan, it is well settled in this State that interim creditors, who had no knowledge of the existence of the unrecorded mortgage, may assert a lien upon the property even after the mortgage has been filed.   In *Fearey* v. *Cummings,* 41 Mich. 376, 383, the court stated:

"If it (the mortgage) was not put on file prior to plaintiffs becoming creditors, it was invalid as against them; the law being that those who become creditors whilst the mortgage is not filed are protected, and not merely those who obtain judgments or levy attachments before the filing."

See, also, *O'Neil* v. *Brooks,* 180 Mich. 540.   In *Crippen* v. *Fletcher,* 56 Mich. 386, and *Fearey* v. *Cummings, supra,* we held that interim creditors might successfully garnishee the mortgagee who had taken possession under an unrecorded mortgage. This would be decisive of the question here involved, were it not for the fact that the above cases were based largely on How. Stat., § 8059, which expressly

provides that property held by a garnishee by title
or transfer which was void as to creditors of the
principal defendant, might be reached by garnish-
ment.   We do believe, however, that the following
language, used by this court in *Crippen* v. *Fletcher,
supra,* is significant:

"When the debt is not incurred on the credit of
an apparently clear title which is in fact covered by
a secret mortgage, the cases cited hold that there is
no right to complain of a subsequent mortgage with-
out taking some step which puts the creditor on a
different legal footing than that of a quiescent party.
But when a chattel mortgage exists and is concealed,
it is under the statute void for the reason that it
produces a false appearance of entire solvency when
in fact a person known to have mortgaged his stock
would not be as likely to get credit as one who had
given no such security; and those who deal with
such a debtor are liable to be defrauded by appear-
ances.   One who gives credit under such circum-
stances is necessarily exposed to that mischief, and
the law has removed all questions of suspicion or
notice by making chattel mortgages void, at all
events, against creditors who deal with a debtor so
situated.   Such creditors are directly within the
policy of the statute."

The question should be finally settled and all fur-
ther uncertainty removed.   The recording statute *
was enacted for the purpose of protecting *bona fide*
innocent creditors against the danger of being mis-
led into extending credit to a debtor with a secret
lien on his property.   The statute assures the com-
plete protection of such creditors by declaring an
unfiled chattel mortgage to be absolutely void as
against them, unless accompanied by immediate de-
livery and followed by an actual and continued

---

* See 3 Comp. Laws 1929, § 13424 *et seq.*—Reporter.

change of possession of the things mortgaged. We therefore hold, following the tendency of our former decisions as above noted, that a mortgagee under an unrecorded chattel mortgage cannot, by subsequently taking possession of the property under and by virtue of his mortgage, acquire any right as against an interim creditor, who extended credit to the mortgagor between the date of execution of the mortgage and the taking of possession by the mortgagee. The interim creditor, after clothing himself with legal process against the property, may reach it even in the hands of the mortgagee, so long as the latter obtained possession by virtue of his void mortgage. The sole purpose of the requirement that the creditor must obtain a lien upon the property by process in order to take advantage of the non-filing of the mortgage is stated by this court in *Dempsey* v. *Pforzheimer,* 86 Mich. 652, 656 (13 L. R. A. 388), as follows:

"The gist of the reason is that the creditor has no business with the debtor's property until he has obtained possession of it by some legal process that gives him a lien upon it. This is not because of any right that the mortgagor, who has kept his mortgage from record, has against the creditors, but because such creditors have no right to touch the debtor's property without his consent, without legal process."

It therefore follows that Straus and Blosser, trustees, etc., secured a superior lien by virtue of their levy on the property in question, notwithstanding the fact that possession had first been taken by plaintiff under its mortgage. The trustee in bankruptcy became subrogated to the rights thus acquired by Straus and Blosser, and is entitled to enforce such rights for the benefit of the bankrupt estate.

The cases of *Peter Schuttler Co.* v. *Gunther,* 222 Mich. 430, and *Riverside Machinery Depot* v. *American Steel Supply Syndicate,* 232 Mich. 22, are in no sense applicable, inasmuch as the trustee in bankruptcy in the instant case is claiming under the levy which was made by Straus and Blosser, as interim creditors, prior to the bankruptcy proceedings.

The summary judgment of the lower court is reversed with costs to appellant, Union Guardian Trust Company, trustee in bankruptcy, and the case remanded for further proceedings in accordance with the rule of law laid down in this opinion.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.