## In re TOWERS MAGAZINES, Inc.

### No. 9223.

District Court, M. D. Pennsylvania.
May 27, 1939.

Lee P. Stark, of Scranton, Pa., and Robert J. Doran, of Wilkes Barre, Pa., for trustees.

Joseph F. Tedesco, of Scranton, Pa., and Archibald Palmer, of New York City, for objectors.

ALBERT L. WATSON, District Judge.

Since the adjudication of bankruptcy made by this Court on October 7, 1935, a number of controversies have arisen in the

694

administration of the estate, which have been largely responsible for the delay in closing the case. Among the controversies is one between the Bankrupt and Frederick M. Kirby; one between the Bankrupt and Fremkir Corporation; one between the Bankrupt and the Hall Printing Company; and one between the Bankrupt and F. W. Woolworth Company. No suit has been commenced against the Hall Printing Company nor against F. W. Woolworth Company, but, in 1937, a suit was commenced by the Trustees in the State of Delaware against Frederick M. Kirby and Fremkir Corporation to recover what the Trustees claim to be due the Bankrupt because of the failure of Frederick M. Kirby and Fremkir Corporation to buy certain shares of the preferred stock of the Towers Magazines, Inc., in accordance with their alleged agreements. The defendants demurred, but the demurrers have 'not yet been decided by the Court. On April 5, 1939, the Trustees entered into an agreement with S. John Block, as Attorney, subject to the approval of the creditors of the Bankrupt and of this Court, by which the Trustees agreed to compromise the controversies referred to for the sum of $17,500 to be paid to the Trustees by Block, Attorney. On April 14, 1939, upon petition of the Trustees, the Court approved the agreement qualifiedly and subject to the approval by the creditors, and referred the matter to David Rosenthal, Referee in Bankruptcy, with instructions to send notices to all creditors of record of the Bankrupt upon a rule to show cause why the creditors should not approve or disapprove the said agreement to compromise. A proper notice was given to all creditors of the Bankrupt of a hearing to be held on April 28, 1939, at which hearing the said agreement was submitted to the creditors for approval or disapproval. At the hearing the only creditors represented and voting were: W. F. Hall Printing Company, approved claim, $283,-543.44; Robert McElroy, assignee of Harris Trust & Saving Bank, approved claim, $190,976.49; which creditors voted in favor of approving the agreement.

■ Joseph F. Tedesco, Attorney for Halpin & Powderly, ·expressed his disapproval of the agreement, but, as the claim of Halpin & Powderly had never been filed or approved, of course, his disapproval could not be taken into consideration.

On April 28, 1939, the Referee made his report and recommendation to the Court, and recommended the approval of the agreement by the Court.

On April 29, 1939, the Court adopted the recommendation of the Referee, and directed the Trustees, upon the receipt of the sum of $17,500 from S. John Block, Attorney, to perform that which they had agreed to do in said agreement.

On May 1, 1939, on the request of Catherine McNelis, president of the bankrupt corporation, that she be given further opportunity to object to the recommendation of the Referee, called a meeting of the Trustees and Attorneys for the Trustees and, after hearing, the Court revoked its order of April 29, 1939, adopting the report and recommendations of the Referee, and allowed all interested parties until May 9, 1939, in which to file objections to the report and recommendations of the Referee.

On May 9, 1939, objections to the agreement were filed by Prismatic Engraving Company, Inc., and by Halpin Insurance Agency, formerly Halpin & Powderly, but, as before stated, Halpin· & Powderly were not . interested parties, and, for that reason, objections by them could not be considered. The objections filed by Prismatic Engraving Company, Inc., related solely to the inadequacy of the consideration to be received by the estate.

The Court fixed May 15, 1939, at 2 o'clock P. M. to hear the objections of the Prismatic Engraving Company, Inc. At the time appointed, the Attorney for the objecting creditor informed the Court that he was unprepared to proceed, and, over the objections of the attorneys for other creditors present, the · Court continued the matter until May 18, 1939, at 2 o'clock P. M.

Subsequently, the Court, at the request of Joseph F. Tedesco, Attorney, and Archibald Palmer, Attorney, fixed May 26, 1939, at 2 o'clock P. M. to hear arguments upon the law applicable to the facts established by the testimony taken on May 18, 1939. Arguments were heard, and the matter is now before the Court for disposition.

■ It clearly appeared, during the course of the· hearing on May 18, 1939, that the sole reason for the filing of objections to the agreement was based upon an alleged claim against the W. F. Hall Printing

Company. It was alleged that this claim amounted to approximately five hundred thousand dollars, and was in excess of the claim filed by W. F. Hall Printing Company against the bankrupt estate. Therefore, the objector concluded that the settlement should not be approved because of the inadequacy of the consideration to be received by the estate. The testimony and record disclosed, however, that this alleged claim existed, not against the W. F. Hall Printing Company, but against the Edward Langer Printing Company, Inc. The Edward Langer Printing Company, Inc., is a separate and distinct corporation, although it is one of a group of subsidiary corporations, of which the W. F. Hall Printing Company is the parent company. The fact that these companies are so closely related accounts for the error made by Catherine McNelis, President of the bankrupt corporation, in believing and asserting that the claim existed against the W. F. Hall Printing Company. If a claim against the W. F. Hall Printing Company in favor of the Bankrupt ever existed, it was adjudicated when the claim of the W. F. Hall Printing Company, after objections to its allowance, were made by the Trustees, was amended and finally approved by the Referee.

It was also contended by the objector that no controversy, such as is contemplated by the Bankruptcy Act, existed between the Bankrupt and the W. F. Hall Printing Company, and the Bankrupt and the F. W. Woolworth Company, for the reason that no suit had been started against either of those companies. A controversy, such as is contemplated by Sec. 27 of the Bankruptcy Act, 11 U.S.C.A. § 50, is a disagreement or a disputatious difference, such as exists in every case before a suit is brought. The bringing of a suit is the result of a controversy and not the evidence thereof.

The testimony clearly shows that no claim exists against the W. F. Hall Printing Company or the F. W. Woolworth Company, upon which a recovery might be had. Therefore, a general release to these companies would entail no loss to the Bankrupt Estate and no consideration, therefore, is required.

As to the suits by the Trustees against Frederick M. Kirby and the Fremkir Corporation, the evidence is overwhelmingly to the effect that the approval of the agreement for compromise is for the best interests of the estate. It was so testified by the Trustees and by Isidor J. Kresel, Attorney for the Trustees, in the litigation in New York, and Ivan Culbertson, associated with the Honorable Hugh M. Morris, as Attorney for the Trustees in the State of Delaware, and by William B. Marin, associated with Isidor J. Kresel, Attorney for the Trustees in the litigation in New York. There is testimony to the effect that the demurrer interposed in the Delaware action might be decided adversely to the Trustees, that there is uncertainty as to the proper measure of damages should the Trustees be successful, and that much testimony on which the Trustees expected to rely when the action was started is no longer available.

The objector produced only one witness whose testimony clearly indicated a lack of knowledge of the facts involved in this settlement and a lack of understanding of the legal difficulties of enforcing the claims therein to be compromised. This testimony has been given careful consideration by the Court and considerably more weight than it merits, but the Court is unable to find anything therein stated which shows that the settlement should not be approved.

The Court, therefore, has concluded that, because of the probability of an unsuccessful termination of the litigation against Frederick M. Kirby and the Fremkir Corporation, the complexity, expense, and delay of this litigation; the doubt which has arisen since the bringing of these suits as to the amount which might be recovered even though a valid cause of action exists; and the further doubt which has arisen since the instituting of these suits as to the existence of a valid cause of action; the agreement of compromise should be approved.

Now, May 27, 1939, the objections to the report and recommendations of the Referee are dismissed; the recommendations of the Referee made April 28, 1939, are approved; the agreement of compromise made between the Trustees and S. John Block, Attorney for a client, dated April 6, 1939, is finally approved, and the Trustees are directed to perform that part of said agreement which they agreed to perform upon the performance by S. John Block, Attorney for a client, of that part of said agreement which he agreed to perform.