### GENERAL MOTORS ACCEPTANCE CORPORATION v. COLLER.
### In re THOMAS (HENRY MOTOR FREIGHT).
### No. 8186.

Circuit Court of Appeals, Sixth Circuit.
Sept. 18, 1939.

On Petition for Rehearing Nov. 16, 1939.

T. K. Perry, of Grand Rapids, Mich. (Bidwell & Perry, of Grand Rapids, Mich., on the brief), for appellant.

No appearance of counsel for appellee.

Jackson, Fitzgerald & Dalm, and J. A. Dalm, all of Kalamazoo, Mich., on the brief, for appellee.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

This is an appeal from a decision denying to appellant the status of a secured creditor of Charles K. Thomas, a bankrupt. The mortgage upon which appellant relied was held to be void under a Michigan statute relative to the filing of chattel mortgages.

Appellant's claims were based upon two purchase money mortgages covering automobiles, originally executed in favor of Brophy Chevrolet Sales of Kalamazoo, and by it immediately assigned to appellant. The first mortgage was executed January 8, 1938, and filed on January 14, 1938; and the second was executed January 19, 1938, and filed on January 22, 1938.

The Michigan statute, Act 129 of the Public Acts of 1935, Sec. 10, provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county where the goods or chattels are located, and also where the mortgagor resides * * *."

Credit was extended to the mortgagor in the interim between the execution and filing of the mortgage, but the record does not disclose whether such credit equalled appellant's mortgage indebtedness. Because some credit had been given during this interim, the referee held—and was affirmed by the District Court—that the mortgages were void and appellant's status that of an unsecured creditor.

Appellant contends that, although a fair construction of the statute requires that a mortgage be filed "immediately" after execution, if it is to be valid, "immediately" means within a reasonable time, having regard to the circumstances of the individual case; and that the mortgages in question were filed within a reasonable time under the existing circumstances.

The fundamental purpose of a statute requiring the filing of chattel mortgages is protection of creditors, as well as subsequent purchasers or mortgagees, who deal with the mortgagor upon the assumption that the property in his possession is unencumbered. See Ransom & Randolph Co. v. Moore, 272 Mich. 31, 261 N.W. 128. The "creditors" referred to in the statute have been held to be those who become such in good faith and without notice, in the interim between execution and filing of the mortgage. See Klingensmith v. James B. Clow & Sons, 270 Mich. 460, 259 N.W. 312; Ransom & Randolph Co. v. Moore, supra.

586

The instant case illustrates the extent to which the efficacy of the statute would be impaired by the construction urged. Under the regulations and routine followed by appellant, the mortgages executed at Kalamazoo were forwarded to appellant at Grand Rapids for acceptance. Appellant then investigated the mortgagor's responsibility and, being satisfied with it, thereafter returned the mortgages to Kalamazoo for filing. It is contended that the six days that elapsed between execution and filing of the first of these mortgages was no more than was reasonably necessary for compliance with appellant's procedure. In consequence, it is argued that the mortgage was filed "immediately" after execution, within the meaning of the statute, and that it is therefore valid as against interim parties.

We are of the opinion that it was not intended that the rights of interim parties should be subordinated to the procedural routine adopted by any mortgagee. We are convinced that the purpose of the statute would not be effectuated by a construction that would cause the rights of interim parties to vary with the circumstances of each individual case—circumstances concerning which such parties will usually have no knowledge and over which they will have no control.

There is nothing to indicate that the legislature intended to provide any less protection for interim creditors than for purchasers or mortgagees. We are of the opinion that the legislature intended to protect such parties to the fullest extent against unfiled mortgages. This purpose can be accomplished only by holding that the filing of a mortgage does not affect the rights of such parties. This places the risk of loss upon the party who is able to avoid it. Moreover, this construction eliminates the necessity of judicial inquiry as to whether, under the circumstances of each case, the mortgage was filed with reasonable promptness.

It follows that the referee and District Court committed no error in refusing to consider whether appellant acted with reasonable diligence under the circumstances.

The judgment of the District Court is affirmed.

On Petition for Rehearing.

ARANT, Circuit Judge.

The appellee's petition for a rehearing directs our attention to the case of

Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198, which requires a holding that the mortgages are void in their entirety regardless of the extent of interim credit. Our opinion and judgment are modified accordingly.