## In re TRUSCOTT BOAT & DOCK CO.
### No. 10146.

United States District Court
W. D. Michigan, S. D.
July 28, 1950.

Warner, Norcross & Judd and Leonard D. Verdier, Jr., all of Grand Rapids, Mich., Kamfner & Halligan and Joseph Kamfner, all of Chicago, Ill., for bankrupt.

Bidwell, Schmidt & Martin and Walter K. Schmidt, all of Grand Rapids, Mich., for trustee.

Uhl, Bryant, Slawson & Wheeler and Gordon B. Wheeler, all of Grand Rapids, Mich., for General Factors Corporation.

Elden W. Butzbaugh, of Benton Harbor, Mich., for Midwest Credit Corporation.

Paul L. Conlan, of Minneapolis, Minn., for Mariner. Co.

Joseph F. Deeb, U. S. Atty., and Theodore H. Elferdink, Asst. U. S. Atty., of Grand Rapids, Mich., for the United States.

STARR, District Judge.

The United States of America, a tax creditor of said bankrupt, filed petition for review of an order of the referee in bankruptcy confirming a compromise settlement of the chattel-mortgage claim of General Factors Corporation.

The Truscott Boat & Dock Company, a Michigan corporation, was adjudged a bankrupt October 11, 1948, and a trustee was duly appointed. The United States filed proof of claim for employment and withholding taxes for 1948, including interest to the date of bankruptcy, in the amount of $32,453.36. On November 2, 1948, the General Factors Corporation of Chicago, Illinois, filed a petition for reclamation of certain chattels in the possession of the bankrupt, which were covered by a chattel mortgage executed by the bankrupt in favor of General Factors on December 6, 1947. Although this mortgage was executed on December 6th, it was not filed in the office of the register of deeds of Berrien county, Michigan, until December 10th. The mortgage as originally executed was in the

amount of $40,250, but the balance due thereon at the time of filing the reclamation petition was $22,600. The trustee filed an answer to the petition, alleging in substance that the chattel mortgage was void as against the trustee and all creditors of the bankrupt estate, because, in the interim between its execution on December 6th and its filing on December 10th, certain creditors had extended credit to the bankrupt in good faith and without knowledge of the existence of the mortgage.

Section 13424, Comp.Laws Mich.1929, as amended by Act No. 129, Pub.Acts 1935, Comp.Laws 1948, § 566.140, Stat.Ann. 1948 Cum.Supp. § 26.929, provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county where the goods or chattels are located, and also where the mortgagor resides, except when the mortgagor is a non-resident of the state, when the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county in which the property is located."

In pursuance of a stipulation between the trustee and General Factors, and with the approval of the referee, the property covered by the chattel mortgage in question was sold at public auction, and $25,000 of the proceeds of the sale were impounded by the trustee, pending final determination on the reclamation petition. Thereafter hearings were held by the referee, and evidence was presented as to the validity of the chattel mortgage upon which the petition was based. Upon completion of the hearings, but prior to any decision by the referee as to the validity of the mortgage, General Factors offered to accept $9,500 in compromise settlement of its chattel-mortgage claim and its claim as a general creditor. The trustee filed a report and petition recommending that this offer be accepted for the following reasons:

"1. Your petitioner is satisfied that extensive and protracted litigation will result if the determination of this court is that said chattel mortgage is invalid as to the bankrupt estate.

"2. That such litigation will be expensive to the bankrupt estate and will delay the closing of said estate.

"3. That in the circumstances the offer of settlement is reasonable and fair."

Pursuant to notice to all creditors, as required by § 58, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 94, sub. a, a hearing on the proposed compromise was held by the referee on November 28, 1949. At this hearing the United States objected to confirmation of the proposed compromise with General Factors, on the ground that its chattel mortgage was void. Other creditors also objected to the compromise. At the conclusion of the hearing the referee overruled all objections and entered an order dated November 28, 1949, confirming the compromise and authorizing the trustee to carry out the terms thereof by paying to General Factors Corporation the sum of $9,500. As hereinbefore stated, the United States has filed petition to review this order of the referee.

On this review the government contends that the referee abused his discretion in confirming the compromise over its objection, because the evidence adduced at the hearings on the reclamation petition established that the chattel mortgage to General Factors was void as against the trustee and creditors of the bankrupt, for the reason that in the interim between the execution of the mortgage on December 6, 1947, and its recording on December 10th, certain creditors had extended credit to the bankrupt in good faith and without knowledge of the existence of the mortgage. The government further contends that, because of the priority of its tax claim and because of the limited funds in the hands of the trustee, any payment made to effect the compromise with General Factors would materially reduce the amount which would

otherwise be available for payment of its tax claim.

■ Section 27 of the Bankruptcy Act, 11 U.S.C.A. § 50, provides: "The receiver or trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate." It is well established that the approval or disapproval of a compromise agreement rests within the sound discretion of the referee, and that his decision will not be set aside except for clear error or abuse of discretion. Scott v. Jones, 10 Cir., 118 F.2d 30; In re Prudence Co., 2 Cir., 98 F.2d 559; Drexel v. Loomis, 8 Cir., 35 F.2d 800; In re Paley, D.C., 26 F. Supp. 952; 2 Collier on Bankruptcy, 14th Ed., § 27.05.

In determining whether the referee abused his discretion in approving the proposed compromise with General Factors Corporation, the court must examine the evidence adduced and the facts and circumstances under which the compromise was approved. From the record of the hearing before the referee on the proposed compromise, it appears that after payment of the premiums for insurance on the buildings of the bankrupt, the wages of watchmen and other operating expenses, and the payment of administrative expenses, there will remain a balance of $36,000 to $38,000 in the hands of the trustee. This balance would be only approximately sufficient to pay the tax claims of the United States and other taxing authorities.[1] A further reduction of this fund by payment to General Factors Corporation of $9,500 to effect the proposed compromise would leave a balance of between $26,500 and $28,500 to pay tax claims of about $37,500. The government's tax claim is entitled to priority in payment, § 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, and in view of the limited amount of funds in the hands of the trustee, it is apparent that any payment made to effect the proposed compromise with General Factors would, for the most part, come from funds which, if the General Factors chattel mortgage was held void, would otherwise be paid to the government on its tax claim.

■ Prior to the referee's order of confirmation on November 28, 1949, the hearings on the reclamation petition of General Factors had been concluded and initial briefs had been submitted. At those hearings and in his brief, the trustee contended that the chattel mortgage to General Factors was void, on the ground that certain creditors had, in good faith and without knowledge of the existence of the chattel mortgage, extended credit to the bankrupt in the interim between its execution and filing. The law is well established that if creditors had so extended credit to the bankrupt during this interim, the chattel mortgage is void as against the trustee and all creditors of the bankrupt. Evidence bearing on this issue was submitted by both parties at the hearings before the referee, and the court has carefully reviewed the transcript. The testimony presented and the exhibits admitted in evidence clearly indicated: (1) That the bankrupt executed the chattel mortgage in question to General Factors on December 6, 1947; (2) that four days later, on December 10th, General Factors filed the mortgage for record in the office of the register of deeds of Berrien county; and (3) that in the interim between the execution and filing of the mortgage, certain creditors had, in good faith and without knowledge of the existence of the mortgage, extended credit to the bankrupt. Although there was some dispute as to the amount of credit extended, the testimony and exhibits conclusively established that certain specific items of credit had been extended to the bankrupt during the interim.

In view of the evidence presented at the hearings on the reclamation petition, it is

---

1. The claim of the United States is in the amount of $32,453.36, and state and municipal taxing units have filed claims of approximately $5,000, making the total of tax claims approximately $37,500. These tax claimants would presumably share on a pro rata basis. Bankruptcy Act, § 64, sub. a, 11 U.S.C.A. § 104, sub. a. See State of Missouri v. Ross, Trustee, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46; Adams v. O'Malley, 8 Cir., 182 F.2d 925.

clear that if the referee had undertaken to decide the issue as to the validity of the General Factors chattel mortgage he would have been obliged under well-settled Michigan law to hold that the mortgage was void as to the interim creditors. Ransom & Randolph Co. v. Moore, 272 Mich. 31, 261 N.W. 128; Klingensmith v. James B. Clow & Sons, 270 Mich. 460, 259 N.W. 312; Detroit Trust Co. v. Pontiac Savings Bank, 6 Cir., 196 F. 29, affirmed 237 U.S. 186, 35 S.Ct. 509, 59 L.Ed. 907; General Motors Acceptance Corp. v. Coller, 6 Cir., 106 F.2d 584, certiorari denied 309 U.S. 682, 60 S.Ct. 723, 84 L. Ed. 1026; Deane v. Fidelity Corporation of Michigan, D.C., 82 F.Supp. 710. If the referee had held that the chattel mortgage was void under Michigan law as to the interim creditors, he would have further been obliged under well-settled federal law, to hold that it was void as against the trustee and all creditors of the bankrupt. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198; General Motors Acceptance Corp. v. Coller, supra; City of New York v. Rassner, 2 Cir., 127 F.2d 703; Corley v. Cozart, 5 Cir., 115 F.2d 119; Heffron v. Duggins, 9 Cir., 115 F.2d 519; Friedman v. Sterling Refrigerator Co., 4 Cir., 104 F.2d 837; Deane v. Fidelity Corporation of Michigan, supra.

However, in the present case the referee did not undertake to decide the issue as to the validity of the General Factors chattel mortgage. A proposed compromise between the trustee and General Factors was submitted to the referee, and in preference to deciding the issue as to the validity of the chattel mortgage in question, he entered the order of November 28, 1949, confirming the compromise, despite the government's objection thereto.

Section 27 of the Bankruptcy Act provides for the compromise of any "controversy" arising in the administration of the bankrupt estate, when it is deemed for the best interest of the estate, but it has been held that a controversy involves a disagreement or a disputatious difference between parties. In the case of In re Towers Magazines, Inc., D.C., 27 F.Supp. 693, 695, the court said, "A controversy, such as is contemplated by Sec. 27 of the Bankruptcy Act, 11 U.S.C.A. § 50, is a disagreement or a disputatious difference, such as exists in every case *before* a suit is brought. The bringing of a suit is the result of a controversy and not the evidence thereof." At the time General Factors filed its reclamation petition and the trustee answered, claiming that the chattel mortgage in question was void as against the trustee and the creditors of the bankrupt, a real controversy existed between the parties. A compromise of the controversy at that stage of the proceedings might have had some logical basis for discretionary action, because the facts upon which the parties based their respective claims had not been established. Nor could it then have been predicted what facts would be developed at formal hearings on the reclamation petition as to the validity of the chattel mortgage. However, the referee's order approving the compromise was not entered at that point in the proceedings. Rather, it was entered after full hearings on the reclamation petition and after both parties had submitted evidence to buttress their respective contentions. When all the evidence was in, it had been conclusively established that two or more creditors had, in good faith and without knowledge of the existence of the chattel mortgage in question, extended credit to the bankrupt during the interim between the execution and the filing of the mortgage. At that late stage of the proceedings any controversy which may have existed between the parties at the time the reclamation petition and answer thereto were filed had, for all intents and purposes, been resolved, and there remained no real or meritorious controversy for compromise. Any threats of appeal or prolonged litigation by General Factors did not justify the compromise, in view of the obvious invalidity of the chattel mortgage. Furthermore, any argument as to harshness of the Michigan statute in making an unfiled chattel mortgage void as to creditors of the mortgagor should be addressed to the legislature and not to this court, as it is not within the province of the judiciary to determine the wisdom of legislation.

In the case of In re Prudence Co., 2 Cir., 98 F.2d 559, appellant appealed from an order directing the trustee of the debtor's

estate to compromise a tax claim of the United States. The order was affirmed on the ground that the controversy which was compromised presented complex and dubious questions. However, in the course of its opinion the court stated 98 F.2d at page 560: "The very purpose of a compromise is to avoid the determination of sharply contested and dubious issues. * * * Hence, to succeed upon this appeal the appellant must show, assuming there are no issues of fact in dispute, that the rules of law for which she is contending are so clearly correct that it was an abuse of discretion for the district court to approve the settlement, since such approval presupposes some probability of validity in the government's tax claim."

In other words, where certain material facts and the rules of law applicable to those facts are clearly established, there is nothing left to compromise, because a compromise presupposes a disagreement or disputatious difference between parties in which there is uncertainty as to the validity of their respective contentions. In the present proceedings, after the hearings on the reclamation petition were concluded, it was clear from the evidence adduced that under the well-established law the chattel mortgage to General Factors was void as to all creditors of the bankrupt. Under such circumstances there was no logical basis for compromise.

However, it is argued that even though the referee, in view of the evidence presented at the reclamation hearings, was obliged to hold the chattel mortgage in question void, it was, nevertheless, proper for him to approve the proposed compromise, because General Factors would probably have appealed from the referee's decision, thereby causing further expense and also delay in closing the bankrupt estate. Under the facts and circumstances of the present case, that argument is without merit, because it presupposes as a fact that General Factors would appeal from a decision by the referee determining its mortgage to be void, and might also appeal from adverse decisions of successive appellate courts, with the possibility that its chattel mortgage would eventually be held valid.

More important—that argument entirely overlooks the legal merits of the controversy and bases the approval of the compromise solely on the ground of further expense and delay in closing the bankrupt estate. In 2 Remington on Bankruptcy, § 1155, page 719, it is stated: "The merits of the claim must control the court's action, and the mere possibility of the trustee's defeat in litigation should not persuade the court to authorize a settlement if the court is satisfied that the trustee's claim is meritorious."

In the case of In re Van Camp Products Co., 7 Cir., 95 F.2d 206, at page 209, in considering a problem as to whether or not a proposed compromise in bankruptcy should be approved, the court stated in part as follows: "There are times when neither the court nor the litigants should take counsel of their fears. When the merits of the cause justify it, the fact that there is a possibility of defeat should not persuade a court to authorize a settlement. The merits of the claim must control the court's action, and the timid and the easily scared must seek cover."

It should be kept in mind that in case General Factors did elect to appeal from a decision by the referee holding its mortgage void, it would be faced in this court with the decision adverse to its contentions in Deane v. Fidelity Corporation of Michigan, supra, 82 F.Supp. 710; in the Court of Appeals with the adverse decision in General Motors Acceptance Corp. v. Coller, supra, 106 F.2d 584; and in the Supreme Court of the United States (assuming the granting of certiorari) with the adverse decision in Moore v. Bay, supra, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198. All of these decisions hold squarely against the contentions of General Factors as to the validity of its chattel mortgage and would certainly present a formidable obstacle to its attempts to reverse an order of the referee holding that its chattel mortgage was void as against the trustee and the creditors of the bankrupt.

It was argued at the hearing on the proposed compromise that there was a possibility of reversing the rule of law laid down by the above-cited and other de-

cisions construing the Michigan statute relating to the filing of a chattel mortgage, because the rule is a harsh one and because of the fact that the amount of interim credit here involved was quite small when compared to the amount due on the General Factors mortgage. But these arguments have been unsuccessfully urged before. See, e. g., Friedman v. Sterling Refrigerator Co., 4 Cir., 104 F.2d 837, holding that a mortgagee can protect himself from the alleged harshness by prompt recording; In re Tansill, D.C., 17 F.2d 413, implying that the argument of harshness should be directed to the legislature and not to the courts; and City of New York v. Rassner, 2 Cir., 127 F.2d 703, 707, holding that it is immaterial that the amount of interim credit is insignificant.

It should also be kept in mind that any expense to the bankrupt estate of appellate litigation prosecuted by General Factors would, in practical effect be paid out of funds in the hands of the trustee which, if the chattel mortgage in question was held void, would otherwise be paid to the government on its tax claim. Therefore, if the government is so confident in its contention that the General Factors chattel mortgage is void that it is willing to assume the risk of possible appellate litigation, for which it would as a practical matter bear the expense, its objection to the proposed compromise should certainly be given serious consideration. This situation is somewhat analogous to that in cases holding that if a creditor who objects to a compromise indemnifies the bankrupt estate as to costs and expenses of future litigation, the proposed compromise will not be approved. See In re Kearney, D.C., 184 F. 190; In re Meadows, Williams & Co., D.C., 181 F. 911.

For the reasons herein stated, the court concludes: (1) That under the then-existing facts and circumstances the referee's order of November 28, 1949, confirming the proposed compromise with General Factors Corporation was an abuse of discretion, and not in the best interests of the bankrupt estate; (2) that an order will be forthwith entered setting aside and vacating the referee's order of November 28, 1949, confirming the compromise with General Factors.; (3) that the order shall provide that this matter be remanded to the referee and that he render his decision upon the General Factors' petition for reclamation, and determine the validity of the chattel mortgage to General Factors, upon which its petition is based. In connection with his decision the referee shall make findings of fact and conclusions of law.