275 F.2d 454
 In the Matter of Todor R. ALIKASOVICH d/b/a Miami Cleaners & Tailors, Bankrupt.
Wm. G. LEWIS, Trustee in Bankruptcy, Appellant,
v.
MANUFACTURERS NATIONAL BANK OF DETROIT, a National Banking Association, Appellee.
 No. 14019.
 United States Court of Appeals Sixth Circuit.
 March 7, 1960.
 
 Stuart E. Hertzberg, Detroit, Mich., (Herbert N. Weingarten, Detroit, Mich., on the brief), for appellant.
 Richard D. Rohr, Detroit, Mich., (Carson C. Grunewald, Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., on the brief), for appellee.
 Before CECIL, POPE and WEICK, Circuit Judges.
 WEICK, Circuit Judge.
 
 
 1
 This case involves the validity of a chattel mortgage on an automobile as against the claims of the trustee in bankruptcy of the mortgagor.
 
 
 2
 Prior to bankruptcy, the bankrupt had borrowed money from Manufacturers National Bank of Detroit, Michigan. To evidence the loan and secure its payment on November 4, 1957 he executed and delivered to the bank a promissory note and chattel mortgage on his 1953 Pontiac automobile. The proceeds of the loan were disbursed on the following day. The papers were then forwarded from the bank's branch office, where the loan had been made, to its downtown office for processing and recording of the mortgage. The chattel mortgage was filed by the bank with the Wayne County Register of Deeds on November 8, 1957.
 
 
 3
 About five months later, namely, April 18, 1958 the borrower filed a voluntary petition in bankruptcy in the District Court upon which an adjudication in Bankruptcy was duly entered.
 
 
 4
 The referee in bankruptcy held that the mortgage was void as against the trustee in bankruptcy. The District Judge reversed the order of the referee and the trustee in bankruptcy has appealed to this Court.
 
 
 5
 The pertinent provision of Michigan Statutes Annotated, 26.929, Comp.Laws 1948, § 566.140, as amended by Public Act 233, September 27, 1957 relating to the recording of chattel mortgages is as follows:
 
 
 6
 "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county where the goods or chattels are located, and also where the mortgagor resides. * * Provided, however, that no purchase money mortgage shall be void as against the creditors of the mortgagor if filed within 14 days from the date of the execution of such mortgage. * * *"
 
 
 7
 The last proviso in the statute is the amendment of September 27, 1957. Obviously, it has no application to the present case since the chattel mortgage was not a purchase money mortgage.
 
 
 8
 The Michigan statute has been construed to require the chattel mortgage to be filed immediately with the Register of Deeds. General Motors Acceptance Corp. v. Coller, 6 Cir., 1939, 106 F.2d 584. Unless so filed, the chattel mortgage is void as against creditors who extended credit in the interim between the date of the instrument and its filing for record. Trailmobile, Inc. v. Wiseman, 6 Cir., 1957, 244 F.2d 76; Klingensmith v. James B. Clow & Sons, 1935, 270 Mich. 460, 259 N.W. 312; Ransom & Randolph Co. v. Moore, 1935, 272 Mich. 31, 261 N.W. 128; Burroughs Adding Machine Co. v. Wieselberg, 1925, 230 Mich. 15, 203 N.W. 160; O'Neil v. Brooks, 1914, 180 Mich. 540, 147 N.W. 537; Fearey v. Cummings, 1879, 41 Mich. 376, 1 N.W. 946; Cf. Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133.
 
 
 9
 There was no evidence that any creditor had extended credit to the bankrupt between the date of the mortgage and its recording four days later. Since no creditors had intervened in the present case, the chattel mortgage of the bank was valid and unassailable under Michigan law. If any imperfection had existed in the mortgage it had become perfected long before bankruptcy.
 
 
 10
 The trustee in bankruptcy contends that although unassailable under state law, the chattel mortgage was void by reason of the provisions of Section 70, subsection c of the Bankruptcy Act[1] which gave to the trustee the status of a perfect hypothetical creditor and, therefore, the case must be considered as if a creditor did exist in the interim period.
 
 
 11
 The trustee relies on Constance v. Harvey, 2 Cir., 1954, 215 F.2d 571, 575, certiorari denied 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716, which involved the validity of a chattel mortgage under New York law. As judicially construed, the New York statute granted a reasonable time to file the mortgage after its execution. In that case over 10 months had elapsed between the date of the mortgage and its filing for record which the court said was not within a reasonable time. No creditor, however, had intervened in the interim. The court held the mortgage void under Section 70, subsection c of the Bankruptcy Act.[2] The court said:
 
 
 12
 "Since an existing creditor without notice of the chattel mortgage, could have obtained a lien at the time of the filing of the petition in bankruptcy, and since under § 70, sub. (c) of the Bankruptcy Act the Trustee was entitled to be put in the position of an `ideal' hypothetical creditor — Hoffman v. Cream-O-Products, 2 Cir., 1950, 180 F.2d 649, certiorari denied 1950, 340 U.S. 815, 71 S.Ct. 44, 95 L.Ed. 599, we think his position must prevail over that of the mortgagee-appellant."
 
 
 13
 The trouble with Constance v Harvey, in our judgment, was in the retroactive extension of the rights of the trustee in bankruptcy to include those of a creditor which did not in fact exist as of a period almost one year prior to bankruptcy. The critical time for the accrual of the trustee's rights under Section 70, sub. c is "at the date of bankruptcy" not prior thereto. The trustee can only be "vested as of such date" with the rights of a creditor "then holding a lien whether or not such a creditor actually exists." This means a creditor at that time and not prior thereto. Before Constance v. Harvey, it had always been understood that the trustee's rights under Section 70, sub. c accrued as of the date of bankruptcy and not earlier. There is nothing in the section giving to either the trustee or a creditor rights antecedent to bankruptcy.
 
 
 14
 The rights and remedies of the trustee under Section 70, subsection e of the Bankruptcy Act to reach fraudulent or otherwise invalid transfers or encumbrances must not be confused with his rights under Section 70, subsection c. While Section 70, subsection e would permit a trustee to reach invalid transfers or encumbrances whenever they arose, it would afford no remedy here where the lien of the chattel mortgage had been perfected and was valid against creditors long before bankruptcy.
 
 
 15
 Section 70, subsection c gives the trustee the status of a lien creditor as of the date of bankruptcy regardless of whether or not such a creditor existed. It does not give him or the creditor any status earlier than bankruptcy.
 
 
 16
 The trustee in bankruptcy is not an innocent purchaser for value. He takes title to the bankrupt's property subject to all liens, claims and equities existing thereon. Zartman v. First National Bank, 1910, 216 U.S. 134, 30 S.Ct. 368, 54 L.Ed. 418; Commercial Credit Co. v. Davidson, 5 Cir., 1940, 112 F.2d 54; Hoehn v. McIntosh, 6 Cir., 1940, 110 F.2d 199; Hertzberg v. Associates Discount Corp., 6 Cir., 1959, 272 F.2d 6. In fact the trustee, standing in the position of a creditor, holds about the lowest form of security.
 
 
 17
 Whether or not a valid lien on the bankrupt's property existed is dependent upon the recording laws of the state, Holt v. Crucible Steel Co., 1912, 224 U.S. 262, 32 S.Ct. 414, 56 L.Ed. 756.
 
 
 18
 As heretofore pointed out, the chattel mortgage of the bank was valid under Michigan law. No creditor could have assailed it prior to bankruptcy. The mortgage was based upon a present consideration. It was filed for record within a reasonable time after its execution. The bankrupt received full value. We see no good reason in this case for extending back retroactively the "strong arm" of the trustee to a period of five months before bankruptcy and invalidating a security valid under state law. The creditors of the bankrupt's estate are entitled to no such windfall.
 
 
 19
 The confusion and criticism which followed in the wake of Constance v. Harvey are not conducive to our following the decision.[3]
 
 
 20
 District Judge Picard was right in holding that the chattel mortgage was valid under Michigan law and his judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists" (11 U.S.C.A. ¶ 110, sub. c)
 
 
 [2]
 The court originally held the mortgage to be valid. On petition for rehearing, the court, sua sponte, reversed its original position and held the mortgage void under ¶ 70, sub. c
 
 
 [3]
 4 Collier on Bankruptcy, 14th Edition, p. 1431 fn. 30
 The National Bankruptcy Conference in 1956 approved an amendment to Section 70, sub. c to overrule the doctrine of Constance v. Harvey. Summary of Proceedings N. B. C., November 9, 10, 1956, p. 9.
 In House Report 745, Committee on Judiciary H.R. 7242, August 3, 1959, it is stated: "From 1910 to 1954 it was assumed that the rights of the trustee under 70, sub. c accrue as of the date of bankruptcy and no earlier. However, in Constance v. Harvey, 2 Cir., 1954, 215 F.2d [571], 575, certiorari denied 1955, 348 U.S. 913 [75 S.Ct. 294, 99 L.Ed. 716], it was held that under Section 70, sub. c a trustee has the rights of an ideal hypothetical creditor who has acquired his claim prior to bankruptcy. * * *
 The rights of a trustee under 70, sub. e are entirely derivative and dependent upon the existence of an actual creditor against whom the transfer might have been invalidated in the absence of bankruptcy. Those rights relate back to whatever date they first arose. Section 70, sub. c, on the other hand, gives the trustee the status of a hypothetical judicial lien creditor whose rights arise as of the date of bankruptcy.
 "* * * The holding in Constance v. Harvey by injecting into Section 70, sub. c the substance of 70, sub. e, created the statutorily unwarranted status of a hypothetical creditor with rights relating back to a date prior to bankruptcy. While bankruptcy is in effect a general levy on the property of the bankrupt for the benefit of his creditors, it is not a license for the trustee, irrespective of prejudice to creditors, to avoid at will any security given by the bankrupt which remained imperfected for any period of time prior to bankruptcy. Yet this is the effect of Constance v. Harvey. Under this decision the only limit to the power of the trustee is his ability to conceive of some right of a creditor that can be used as a basis for striking down imperfect transfers. The doctrine of Constance v. Harvey presents a very real threat to security transactions, the validity of which have hitherto not been subject to challenge under the Act. * * *"
 Two District Courts have refused to follow Constance v. Harvey.
 In re American Textile Printers Co., D.C.N.J.1957, 152 F.Supp. 901.
 In re Billings, D.C.Mo.1959, 170 F. Supp. 253.