Wadsworth BISSELL, Trustee of Lawrence E. Cornell, Bankrupt,

v.

DOTY DISCOUNT CORPORATION.

Civ. A. No. 3386.

United States District Court
W. D. Michigan, S. D.
May 16, 1960.

1. Sison v. Ambalada, 30 Phil. 118, 124.

784

Wierenga & Sevensma, Grand Rapids, Mich., for plaintiff.

Baker & DeGroot, Grand Rapids, Mich., for defendant.

KENT, District Judge.

This matter is before the Court for nonjury trial based upon the stipulation of facts and the briefs submitted.

On June 5, 1956, the bankrupt executed a note and chattel mortgage to Rowden Ford Sales, Inc., Grand Rapids, Michigan, with a 1956 Ford automobile as security. Rowden Ford Sales, Inc., assigned the mortgage to Doty Discount Corporation on June 8, 1956. The chattel mortgage was never filed with the Register of Deeds of Kent County. Doty Discount Corporation repossessed the automobile from the bankrupt on October 23, 1956, and sold the automobile in a manner which complied with the Michigan Statute,[1] in November, 1956. The bankrupt was adjudicated as such on May 23, 1957, and the Trustee was appointed on July 19, 1957.

This action was commenced by the trustee to recover the value of the automobile at the time of the sale on the theory that the repossession and sale was illegal and void as against the trustee in bankruptcy because of the failure by Doty Discount Corporation to file the mortgage with the Register of Deeds of Kent County.

It is conceded by counsel for the trustee in bankruptcy that there were no actual interim creditors. It was further conceded by all counsel that the issue in this case is the same issue as that faced by the Court of Appeals for the Second Circuit in Constance v. Harvey, 1954, 215 F.2d 571, certiorari denied 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716. In effect Constance v. Harvey authorized the creation of a mythical interim creditor and gave the trustee retroactive rights based upon the existence of the mythical interim creditor.

This matter has now come before the Court of Appeals for the Sixth Circuit in In re Alikasovich (Lewis v. Manufacturers National Bank) 1960, 275 F.2d 454.

The Court is satisfied that all of the proceedings preceding the repossession and sale of the automobile of the bankrupt were perfectly legal absent the presence of an actual interim creditor or the existence of fraud. Therefore, on authority of In re Alikasovich (Lewis Manufacturers) supra, judgment may be entered for the defendant, no cause of action. An order may be entered accordingly.

---

1. Compiled Laws of 1948 § 566.305, Michigan Statute Annotated § 19.415(5).