### FROST et al. v. LATHAM & CO. et al.

(Circuit Court, S. D. Alabama. August 20, 1910.)

### No. 2,791.

1. BANKRUPTCY (§ 115*)—RECEIVERS—POWERS—SUIT TO RECOVER PROPERTY.
   Receivers in bankruptcy cannot maintain a suit to set aside a transfer of property by the bankrupt as fraudulent or preferential.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

2. BANKRUPTCY (§ 209*)—SUITS TO RECOVER PROPERTY—RIGHTS OF CREDITORS AND OF TRUSTEE TO MAINTAIN.
   Bankr. Act July 1, 1898, c. 541, § 64b(2), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), as amended by Act Feb. 5, 1903, c. 487, § 14, 32 Stat. 800 (U. S. Comp. St. Supp. 1909, p. 1315), providing for payment from the estate of a bankrupt of the reasonable expense of the recovery of property transferred by the bankrupt either before or after the filing of the petition "by the efforts and at the expense of one or more creditors," impliedly recognizes the right of a creditor to maintain a suit to set aside transfers of property by the bankrupt to third parties either actually fraudulent or preferential, and on the election of a trustee pending such a suit he is entitled to become a party plaintiff therein.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 209.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. BANKRUPTCY (§ 294*)—SUITS BY TRUSTEE—JURISDICTION.

A Circuit Court of the United States as a court of equity has jurisdiction of a suit by a creditor of a bankrupt or by a trustee in bankruptcy to recover property transferred by the bankrupt either fraudulently or preferentially; such jurisdiction not being affected by the provisions of Bankr. Act July 1, 1898, c. 541, §§ 23b, 60b, 67e, 30 Stat. 552, 562, 564, 565 (U. S. Comp. St. 1901, pp. 3431, 3445, 3446, 3449, 3450), as amended by Act Feb. 5, 1903, c. 487, §§ 8, 13, and 16, 32 Stat. 798, 799, 800 (U. S. Comp. St. Supp. 1909, pp. 1312, 1314, 1315, 1316), authorizing such suits by the trustee to be brought in a court of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 294.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

4. FRAUD (§ 6*)—"CONSTRUCTIVE FRAUD."

A "constructive fraud" is an act which the law declares to be fraudulent without inquiring into its motive.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 7; Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 2, pp. 1470–1471.]

In Equity. Suit by C. E. Frost and William S. Lovell, as receivers of Knight, Yancey & Co., bankrupts, and Joe T. Gibson against Latham & Co. and others. On motion by William S. Lovell, as trustee of said bankrupts, for leave to file supplemental bill. Motion granted.

Percy, Benners & Burr and Rich & Hamilton, for complainants.
Howe, Fenner, Spencer & Cocke, for defendants.

TOULMIN, District Judge. The grounds of objections by the defendants to this motion are, in substance, as follows: (1) That the original plaintiffs were without legal right or capacity to institute or maintain the bill filed by them herein, or to have the relief prayed for. (2) That the original bill herein did not state or show any right or cause of action in the original plaintiffs. (3) That this court has no jurisdiction of the matters and things in said original bill set forth. (4) That there is no privity of title between said trustee and said complainants, and particularly between said trustee and said Joe T. Gibson, one of the complainants. (5) That this court has no jurisdiction to hear and determine the matters and things set forth in said proposed supplemental bill. (6) That the filing of the supplemental bill would cause a change of interest, in that it would substitute in said suit, instead of parties who had no right of action, a different party, who has such right of action in the matters and things in said original bill contained. (7) That said receivers, parties plaintiff to said original bill, are still necessary parties to this suit.

It is well settled that receivers in bankruptcy have no legal right or capacity to maintain a suit of this character or to have the relief prayed for; and the writer, presiding in the District Court for this district, so ruled in a suit of this character brought by said receivers in that court. This court now holds that said receivers are not necessary or proper parties to this suit.

2. Section 64b(2) of the bankrupt act clearly recognizes the right of a creditor to institute proceedings to recover, for the benefit of

the estate of the bankrupt, property transferred by him either before or after filing of the petition, wherein it provides that, when such property shall have been recovered by the efforts and at the expense of one or more creditors, the reasonable expenses of such recovery shall be paid out of the bankrupt estate. While the language employed does not expressly vest in a creditor the right to bring suit to recover such property, it implies that right to exist as clearly as language can do so. And it will be observed that the act makes no distinction as to the character of the transfer, whether it be one involving actual fraud, an intent to hinder, delay, or defraud the creditors of the bankrupt, which the law declares to be null and void, or a constructive fraud, "an act which the law declares to be fraudulent without inquiring into its motive." McBroom v. Turner & Rives, 1 Stew. (Ala.) 72.

A preferential transfer is a constructive fraud. It is one which to some extent hinders and delays creditors, but is not necessarily, in and of itself, a fraudulent transfer. It is, however, "an infraction of that rule of equal distribution among all creditors which is the policy of the law to enforce when all cannot be fully paid." Van Iderstine v. Nat. Dis. Co., 174 Fed. 519, 98 C. C. A. 300. So, then, it makes no difference whether the transfer be one of actual or of constructive and technical fraud, so far as the interest and rights· of creditors are concerned. The effect of the transaction is the same. See, also, section 70e, Bankrupt Act.

"A trustee in bankruptcy represents all persons interested in the estate of the bankrupt." In re Bothe, 173 Fed. 597, 97 C. C. A. 547.

He is the representative of the creditors of the bankrupt, and if he in any given case would have the right as their representative to institute a suit to set aside a fraudulent or preferential transfer, it seems to me it follows as a necessary consequence that such creditors are entitled to do so also, in the absence of a trustee, and to maintain the same until such trustee shall have been chosen, when he would be entitled to become a party plaintiff in the suit. The court, in Fourth St. Nat. Bank v. Millbourne Mills Co., 172 Fed. 177, 96 C. C. A. 629, said:

"Unless the rights of creditors are preserved and protected in some such way, bankruptcy, instead of being in their (creditors') interest, as supposed, is an actual disadvantage."

Where the transfer is made fraudulent or voidable by the bankrupt act as against creditors, no trustee having been chosen, the creditors have the right themselves to take steps to avoid such transfer.

"If this be so, any creditor would be entitled to sue on behalf of himself and others, either before or after institution of proceedings· in bankruptcy; such suit, if after, being ancillary thereto, no trustee having yet been chosen." Guaranty Title & Trust Co. v. Pearlman (D. C.) 144 Fed. 550; In re Schrom (D. C.) 97 Fed. 760.

"Creditors may institute suits for the recovery of property fraudulently transferred." Remington on Bankruptcy, vol. 1, § 399.

"To recover property conveyed by the bankrupt in fraud of the act, either as a preference or a fraudulent conveyance, is not a proceeding in bankruptcy. It must be a plenary suit at law or in equity, according to the nature

of the case. Such suit may be an action at law or suit in equity, as a bill to set aside a fraudulent conveyance." Loveland on Bankcy. (2d Ed.) 608; Parker v. Black, 151 Fed. 18, 80 C. C. A. 484.

The Supreme Court of the United States, in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, employs language which indicates that the court regarded the payment to a creditor by a bankrupt in violation of the bankrupt act as in the nature of a fraud, and that a remedy in equity would more readily afford adequate relief. In referring to the jurisdiction of the United States courts, the language employed includes suits "to set aside transfers of property to third parties alleged to be fraudulent as against creditors, including payments of money or property to preferred creditors."

The question of jurisdiction of the court is a question of the right of the court to determine, not of the principles to obtain in reaching a determination. If the bankrupt himself had brought this suit, he could not be turned out of court on the question of jurisdiction. The authority of the court to decide as to his rights would be unquestioned. But he would be precluded in his right to relief by his own act of making a fraudulent or preferential transfer. He would be denied relief upon the principles of estoppel. Where the suit is by the trustee or by a creditor, a different result would follow. It is not a question of the determination to be reached, but of jurisdiction to hear and make the determination. Burnett v. Morris Mer. Co. (D. C.) 91 Fed. 365.

In the absence of the amendment of February 5, 1903, to the bankrupt act, the question involved in this suit must be determined either by the proper court of the state or by the federal circuit court. Hicks v. Knost (D. C.) 94 Fed. 625; Camp v. Zellars, 94 Fed. 799, 36 C. C. A. 501. Since said amendment of February 5, 1903, the trustee may maintain a suit in the proper District Court, as a court of bankruptcy, to set aside preferential transfers, and to recover the property transferred. The right to do so is exclusively in him so far as that court is concerned. The right to bring such suit in the bankruptcy court is given exclusively to the trustee. Said amendment does not take away, or in any manner limit, the jurisdiction conferred by the bankrupt act on the Circuit Court of the United States and on the state courts. The United States Circuit Courts have jurisdiction of suits at law and in equity between the trustee and adverse claimants, etc. Sections 23, 60b, and 67e, Bankrupt Act.

"A trustee in bankruptcy may at his election maintain a suit in equity to recover a payment by a bankrupt to a creditor as a voidable preference; such suit being in the nature of a creditors' suit to set aside a fraudulent conveyance." Parker v. Black, 151 Fed. 18, 80 C. C. A. 484; Pond v. N. Y. Nat. Ex. Bk. (D. C.) 124 Fed. 992.

In Hull v. Burr, 153 Fed. 951, 83 C. C. A. 67, the Circuit Court of Appeals, Fifth Circuit, said:

"The trustee is vested by the act with all the rights and title of the bankrupt, as well as with the rights of the bankrupt's creditors, and when he seeks to enforce rights or to recover property in another district, outside of the territorial jurisdiction of the court which appointed him, he stands in the position of those whose rights he has acquired, and can resort only to

the same courts, state or federal, and is confined to the same remedies, subject to the exceptions made by the amendment of 1903."

Under that amendment, as we have seen, the trustee may bring suit in the bankruptcy court to recover property fraudulently transferred by the bankrupt, whether the transfer be actually or constructively fraudulent, void or voidable, as to the bankrupt's creditors.

The allegations of the bill, if true, make a case of preferential transfer, one voidable as against creditors of the bankrupt. They have rights involved in the avoidance of the transfer. The trustee is vested with these rights, and when he seeks to enforce them it is in the interest and for the benefit of said creditors. It seems to me that there is a "privity" of right between the trustee and said creditors; Joe T. Gibson being one of said creditors, and a complainant in this cause, in behalf of himself and all other creditors of said bankrupt who may become parties therein.

The objections of the defendants to the motion of William S. Lovell, trustee in bankruptcy of Knight, Yancey & Co., for leave to file a supplemental bill in this cause, are overruled, and said motion for leave to file an amended or supplemental bill is hereby granted.

Let an order be entered accordingly.