CHARLES H. McGLUE *vs.* JOSEPH H. LOUDON & others.

Suffolk.    November 12, 1924. — January 30, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Mortgage*, Of personal property: validity, recording. *Bankruptcy. Receiver.*

A receiver of the property of a bankrupt, appointed by a federal district court in bankruptcy proceedings, acts solely in the interests of the bankrupt's creditors and is not in the position of a party to a chattel mortgage given by a voluntary association, called a real estate trust, of which the bankrupt was a member, the managing trustee, and the owner of all but two of its one hundred shares, and is not precluded from insisting upon the invalidity of the mortgage on the ground that it was given by the trust to a third person and was not recorded as required by G. L. c. 255, § 1, within fifteen days from the date written in the instrument.

BILL IN EQUITY, filed in the Superior Court on November 23, 1921, and afterwards amended, by a receiver of the property of Joseph H. Loudon, adjudged a bankrupt, appointed by the United States District Court for the District of Massachusetts, seeking, with other relief, to have discharged a certain chattel mortgage given to the defendant Charles D. Rood by the Quaboag Realty Associates, a real estate trust, of which the bankrupt was a member, owning ninety-eight of its one hundred shares, and was the managing trustee.

In the Superior Court, the suit was referred to a master. Material facts found by the master are described in the

opinion. By order of *Sanderson, J.,* there were entered an interlocutory decree confirming the master's report and a final decree which, among other things, adjudged the chattel mortgage in question to be invalid and ordered its discharge. The defendant Rood appealed.

The case was submitted on briefs.

*C. S. Ballard & C. J. Weston,* for the defendant Rood.

*D. J. Kelley,* for the plaintiff.

BRALEY, J. The defendant Charles D. Rood, the appellant, contends, that the fifth paragraph of the final decree is erroneous. It provides " That the mortgage on personal property of the Quaboag Realty Associates, dated June 25, 1921, given by the defendant Loudon to the defendant Rood to secure the payment of money loaned to the defendant Loudon for which he gave the defendant Rood a note of the Quaboag Realty Associates for $2,000, was not recorded as required by law and is not a valid mortgage as against the plaintiff. The defendant Rood is ordered to cancel and discharge the same." The master, to whose report Rood took no exceptions, finds that the mortgage in question of an automobile and fourteen head of livestock was not recorded within fifteen days from the date written in the instrument as required by G. L. c. 255, § 1. The appellant, while conceding it was valid only as between the parties, or those claiming under them, argues that, the mortgage having been given in the name of the Quaboag Realty Associates, organized under a written declaration of trust with a capital of one hundred transferable shares, ninety-eight of which were owned by Loudon, the bankrupt and managing trustee, who pledged them to Rood to secure his personal loans other than the loan in question, the receiver is a shareholder, or associate, and therefore a party to the mortgage.

If Loudon was adjudged a bankrupt, the trustee would have all the rights of a judgment creditor, against whom the mortgage on the record would have been void. U. S. St. 1898, c. 541, § 47 a, (2), as amended by U. S. St. 1910, c. 412. *Haskell* v. *Merrill,* 179 Mass. 120. *Clark* v. *Williams,* 190 Mass. 219. *Goodrich* v. *Dore,* 194 Mass. 493. See *Duffy* v. *Charak,* 236 U. S. 97, where it was assumed that a

trustee in bankruptcy is not a party to an unrecorded mortgage of personal property within the meaning of our statute. The bankruptcy court, however, upon the filing of the petition, could appoint a receiver to take possession of all the property of the bankrupt which the trustee could reach and administer and hold it subject to the further order of the court. U. S. St. 1898, c. 541, § 2 (3). It was the duty of the plaintiff to recover and to protect the bankrupt's estate until the petition was dismissed or a trustee appointed, and, not being a party to the mortgage but acting solely in the interests of the bankrupt's creditors, who before bankruptcy could have attached, seized, and held the property, he is entitled to the relief given. *Haskell* v. *Merrill, supra, Davis* v. *Mazzuchelli,* 238 Mass. 550. *In re Schoenfield,* 190 Fed. Rep. 53, 59. *Sharpe* v. *Doyle,* 102 U. S. 686.

The decree must be affirmed with costs of the appeal.

*Ordered accordingly.*