**TIMMER v. TALBOT et al.**

No. 3703.

District Court, W. D. Michigan, S. D.

June 4, 1936.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., for plaintiff.

Dunham & Sherk, of Grand Rapids, Mich., for defendant Lemmen.

RAYMOND, District Judge.

A summary of the two stipulations of fact filed in this cause appears in the findings of fact filed with this opinion. Nothing would be gained by repetition.

■ Act No. 18 of the Extra Session of the Michigan Legislature of 1934 provides that every mortgage intended to operate as a mortgage of goods and chattels covering future advancements shall be absolutely void as against the creditors of the mortgagor beyond the sum stated therein. The constitutionality of the statute has been sustained by this court. See opinion filed herein December 16, 1935, 13 F.Supp. 666. The act places chattel mortgages as to future advances and beyond the amount stated therein, even though the mortgage be duly filed, on the same legal basis as unfiled chattel mortgages. It is now the settled law in Michigan that a mortgagee under an unrecorded chattel mortgage cannot by subsequently taking possession of the property under the mortgage acquire any right as against interim creditors who extended credit to the mortgagor between the date of execution of the mortgage and the taking of possession by the mortgagee, and that therefore interim creditors may by legal process reach it in the hands of the mortgagee. See Ransom & Randolph Co. v. Moore, 272 Mich. 31, 261 N.W. 128. Under section 47 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 75), the trustee is vested as to property not in the custody of the bankruptcy court, with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. The stipulated facts in the present case disclose that the trustee represents creditors in a considerable amount who became such prior to the time the mortgagee Talbot took possession.

■ No service of process has been obtained upon defendant Talbot. Had he retained the property purchased by him at the chattel mortgage foreclosure sale, he would unquestionably be liable in this action for the value of the property in excess of $2,000. The controlling question therefore is whether defendant Lemmen, who became purchaser from Talbot on the day following the foreclosure by chattel mortgage sale, can successfully claim as against the trustee in bankruptcy to be a bona fide purchaser and thereby assert title to the property against creditors. It is the view of the court that he may not so do. He attended the sale and was a competitive bidder thereat. Under long recognized principles of law, he is chargeable with knowledge of the legal status of the mortgage and of its invalidity in excess of $2,000. A fair if not a necessary inference from all the facts and circumstances is that he knew that the property was sold at $8,750 and that no consideration was actually paid therefor other than by release of the indebtedness secured by the mortgage. Being present at the sale, he must have known that the property was fairly worth the amount bid therefor and that no money was paid to or for the benefit of the mortgagor. He is likewise chargeable with knowledge that the title to the property obtained by Talbot at the sale was defective so far as the consideration for the sale rested upon the foreclosure of a void chattel mortgage. He is also chargeable with knowledge of the fact that there were or might be creditors who had become such following the giving of the mortgage and prior to the time the mortgagee took possession, and that the mortgage was void as to such creditors. In these circumstances, he stands in no better position than did the mortgagee. Arnesto Paint Co. v. Brush, 117 N.J.Eq. 368, 175 A. 902.

■ Defendant urges that the mortgage here under consideration was valid to the total amount of $3,550 because of recitals contained therein that it is subject to another mortgage and other liens and that if Talbot paid or retired any of them he would become subrogated to all the rights, privileges, and claims of the owners of said mortgage or liens and because of the fact

690

that $1,550 of the $3,500 in cash actually advanced by Talbot was used to pay a prior mortgage upon the property which was properly recorded. The court is of the opinion that to inject the equitable doctrine of subrogation in these circumstances would be to lose sight of the essential purpose of the statute which is to enable third persons to know from examination of public records the precise amount of indebtedness secured by chattel mortgages, and to save them from the expense and uncertainty incident to inquiry. The wisdom of such legislation does not concern the courts. The statute expressly declares that such a mortgage shall be absolutely void beyond the sum stated therein and that when filed in accordance with the statute it shall constitute a first lien for the sum therein stated. The aim of the statute was to obviate the difficulty and uncertainty in determining the amount of liens existing against property subject to chattel mortgage. To make an exception in favor of such advancements as are made to pay in whole or in part other existing liens and incumbrances would be to read into the statute an exception not therein contained, and to render the statute entirely nugatory in many circumstances.

A decree may be submitted on or before June 22, 1936, providing for payment to the trustee by defendant Lemmen of the sum of $6,750 and interest.