### In re JOHNSON.
### In re DEITCH.
### No. 7112.

District Court, W. D. Michigan, S. D.
March 25, 1938.

W. R. Stevens, of St. Joseph, Mich., for claimant.

Jackson, Fitzgerald & Dalm, of Kalamazoo, Mich., for trustee.

RAYMOND, District Judge.

This matter is before the court upon petition by claimant, Frank Deitch, for review of an order of the referee in bankruptcy, whereby the claim was disallowed priority as a secured claim but was allowed merely as a general claim. The briefs filed with this court indicate that the parties are now in accord with the fact findings of the referee in bankruptcy and that the only question before the court concerns the right of a trustee in bankruptcy as against a chattel mortgagee who has kept his mortgage off record for several months and there are creditors of the bankrupt estate who became such during the interim when the mortgage was not on record.

Petitioner urges that, because the chattel mortgage was valid as to all creditors who became such after the filing of the mortgage, it is the duty of the court to enter an order recognizing the validity of the mortgage, subject only to the rights of any creditors who became such between the date of the mortgage, namely, February 23, 1935, and the date of its recording, namely, May 5, 1935. This contention cannot be sustained because recovery in such cases is for the benefit of all creditors. In 8 C.J.S. page 854, Bankruptcy § 238, the law is summarized as follows: "* * * if the recording acts invalidate the transaction as to general creditors becoming such while the instrument is unrecorded, the trustee, in the case of the existence of such creditors, may assail the transaction notwithstanding it may have been recorded or possession taken prior to institution of bankruptcy proceedings. In such case his recovery is for the benefit of creditors generally. * * *"

This is the view of the case taken by the referee in bankruptcy and, it seems to the court, necessarily results from the decision of the Supreme Court of Michigan in the case of Ransom & Randolph Co. v. Moore, 272 Mich. 31, 261 N.W. 128, and the decision of the Supreme Court of the United States in the case of Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198. See, also, Gilbert's Collier on Bankruptcy, 4th Ed., § 1344; Remington on Bankruptcy, 4th Ed., vol. 4, page 402; In re Duker Avenue Meat Market, 6 Cir., 2 F.2d 699, and Timmer v. Talbot, D.C., 19 F.Supp. 687. In the Duker Case it was said (page 700): "It is now well settled that under the 1910 amendment of the Bankruptcy Act, § 47a [11 U.S.C.A. § 75 (a)] the trustee's rights as against the mortgagee are not dependent upon an actual lien obtained by a creditor before bankruptcy; he has whatever rights any and all creditors could under the state law have

338

obtained by legal or equitable proceedings before bankruptcy."

An order will be entered affirming the findings of the referee.