11 So.2d 846

**MAYNOR et al. v. SCHAEFER.**

6 Div. 101.

Supreme Court of Alabama.

Jan. 14, 1943.

Rehearing Denied Feb. 25, 1943.

Chas. W. Greer, of Birmingham, for appellants.

Solomon & Berkowitz and Sirote & Permutt, all of Birmingham, for appellee.

veyance who were such also at the time the bill was filed.

The answer to this question depends upon an interpretation of amended section 2, sub. a(3), supra. To do so, it is necessary to compare it with section 2(3) of the Act before the amendment in 1938, and the interpretation which had been put on it by the courts then outstanding, and refer to other related features of the acts respectively.

| Section 2 (3) prior to the amendment was as follows: | Section 2, sub. a (3) as amended: |
|---|---|
| "Courts of bankruptcy [may] * * * (3) appoint receivers * * * upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified." | "(a) * * * (3) Appoint, upon the application of parties in interest, receivers * * * to take charge of the property of bankrupts and to protect the interests of creditors after the filing of the petition and until it is dismissed or the trustee is qualified; and to authorize such receiver, upon his application, to prosecute or defend any pending suit or proceeding by or against a bankrupt or to commence and prosecute any suit or proceeding in behalf of the estate, before any judicial, legislative, or administrative tribunal in any jurisdiction, until the petition is dismissed or the trustee is qualified: Provided, however, That the court shall be satisfied that such appointment or authorization is necessary to preserve the estate or to prevent loss thereto." |

**FOSTER, Justice.**

The question on this appeal is whether a receiver appointed by a court of bankruptcy after an adjudication in bankruptcy, under section 2, sub. a(3), as amended by the Chandler Act of June 22, 1938, 11 U.S.C.A. § 11, sub. a(3), may by authority of the court appointing him, commence and prosecute a suit in equity in a state court to set aside a conveyance made by the bankrupt to a third person not a party to the bankrupt proceeding within one year before the petition in bankruptcy was filed, on the asserted ground that the conveyance was made without consideration and to defraud creditors existing at the time of the con-

Section 67, sub. d(2) of the Chandler Act, 11 U.S.C.A. § 107, sub. d(2), declares that every transfer made by a debtor within one year prior to the filing of the petition in bankruptcy is fraudulent as to existing creditors if without fair consideration, and on certain other conditions as to future creditors, Title 11 U.S.C.A. § 107, sub. d(2); and sub. d(3), if executed within four months prior to filing the petition, it is fraudulent as to existing and future creditors if made with the intent to use the consideration to effect a preference to a third person, etc.

And in, sub. d(6), that a fraudulent transfer under section 67, sub. d, against creditors shall be null and void against the trustee. Likewise is section 70, sub. e(1), 11 U.S.C.A. § 110, sub. e(1), of the new act.

The old act section 67, sub. e, Title 11 U.S.C.A. § 107, sub. e, provided that transfers made in four months before the petition, with the intent to hinder, delay or

defraud his creditors, are null and void against the creditors, and such property shall pass to the trustee, and be by him reclaimed and recovered for the benefit of the creditors.

The Chandler Act, section 70, sub. a(4), Title 11 U.S.C.A. § 110, sub. a(4), provides that property assigned in fraud of his creditors vests in the trustee by operation of law as of the date of filing the petition in bankruptcy (the old act said as of the date he was adjudged a bankrupt); and in the Chandler Act, section 70, sub. e(2), 11 U.S.C.A. § 110, sub. e(2), it is provided that property fraudulently conveyed shall be and remain a part of his assets and estate, and may be avoided by the trustee for the benefit of the estate. This provision was not in the prior act, except that the trustee could avoid the transfer and recover the property.

The trustee when appointed can sue in equity to reach such property. After his appointment no one else is authorized by the bankrupt law to proceed in that respect. In re Southern Metal Products Corp., D.C., 26 F.Supp. 666; Neuberger v. Felis, 203 Ala. 142, 82 So. 172.

Prior to the amendment, the courts were substantially agreed that such a suit as this was not authorized by the Bankruptcy Act. The reason assigned was that under the Act then outstanding his appointment was authorized only when it was found to be absolutely necessary for the preservation of the estate to take charge of the property of the bankrupt, and that after the bankrupt had made a fraudulent conveyance of property, that property was not his, and was not a part of his estate, notwithstanding the fraudulent character of his conveyance: that only creditors (or the trustee when appointed) could have it vacated; that it was not therefore within the terms of the authority of a receiver of the bankrupt's property. Boonville Nat. Bank v. Blakey, 7 Cir., 1901, 107 F. 891; Frost v. Latham & Co., 5 Cir., 181 F. 866; Guaranty Title & Trust Co. v. Pearlman, D.C., 144 F. 550; Berry v. Watkins, 158 Ga. 304, 123 S.E. 102; In re Cox Baking Co., Inc., 2 Cir., 77 F.2d 294; In re Kolin, 7 Cir., 134 F. 557. But compare McGlue v. Loudon, 251 Mass. 173, 146 N.E. 255, declaring that a receiver should take possession of all the property of the bankrupt which the trustee could reach, and could act "solely in the interest of the bankrupt's creditors, who before bankruptcy could

have attached, seized and held the property." The court was dealing with an unrecorded mortgage valid as to the mortgagor bankrupt, but void as to certain creditors. A bill in equity by the receiver was sustained. This does not seem to be in accord with a majority of the cases. And In re Rosen, D.C., 15 F.Supp. 516, 517, it is said that "the cause of action to recover property fraudulently transferred is an asset of the estate" of the bankrupt (by District Judge Patterson of New York), and so it is under the Chandler Act.

Some few courts had held that a receiver so appointed was but a passive custodian of such property as was in possession or control of the bankrupt or in the custody of the court and had no power to recover property by suit against one in the adverse possession of it. In re Kolin, 7 Cir., 134 F. 557; In re Hill Co., 7 Cir., 159 F. 73; In re Marcuse & Co., 7 Cir., 11 F.2d 513, 515.

But a majority of the courts held that to take charge of the property of the bankrupt in order to preserve it, the receiver could sue for it by authority of the court especially after adjudication. This is upon the theory that the duty to take charge of it carries with it the power and duty to take active steps in court when necessary to obtain its possession. In re Barrett, D. C., 132 F. 362; In re Dempster, 8 Cir., 172 F. 353; In re Fixen & Co., D.C., 96 F. 748. Compare Rivoli Drug Co. v. Lynch, 9 Cir., 50 F.2d 536, criticised in Re Cox Baking Co., 2 Cir., 77 F.2d 294. That a receiver after adjudication is more than a mere custodian of the property in the course of administration. Clark v. Huckaby, 10 Cir., 28 F.2d 154, 67 A.L.R. 1456, note 1462.

Such being briefly the status of the cases which dealt with the subject when the amendment of 1938, supra, was enacted, and there being no decision of the United States Supreme Court on the subject either before or since the amendment, and apparently no decision of any court on it since then, nor textbook interpretation, we are now treading on untouched ground with no precedent directly in point to help.

The ruling of the trial court sustained this power of a receiver when the court of bankruptcy had given its authority by an order manifesting a finding that it was satisfied that such authorization of the receiver is necessary to preserve the estate or to prevent loss thereto.

■ The bankrupt court made an order prior to the filing of this suit authorizing it to be begun without expressly finding that it was necessary to preserve the estate or to prevent loss to it. This order cannot be collaterally attacked. 6 Amer. Jur. 557, note 1. But it does not serve to add to the statutory power of the receiver.

Appellant insists that as respects section 2(3), supra, the amendment was only intended as a codification of the old law as it had been construed, and cites a statement from the Congressional Record made by Senator O'Mahoney, Chairman of the Senate Committee, to the general effect that the first seven chapters of the bill deal with a codification of the old bankruptcy law. He was discussing senate amendments proposed by his committee to the bill as reported and passed by the House without detailed debate (No. 8046, Congressional Record, August 10, 1937, Vol. 81, part 8, pages 8646-8649). That report did not propose to amend section 2, sub. a(3), as passed by the House, but did make some change in the first paragraph of that section. No where is any reference made in the record to the purpose and effect of the amendment as contained in the house bill to subsection a(3) of section 2, here material. But the Senate did make amendments to the first seven chapters in several respects, but they were not controversial, and did not relate to the clause here involved.

Collier on Bankruptcy, 14th Ed., p. 197, says that the 1938 Act removes previous doubt concerning the courts' power to permit a receiver to sue for the recovery of property held by third persons or to institute other necessary actions, and on page 186, that the amendment completely alters the provisions of clause 3 in which no prior changes had been made since the inception of the Act of 1898; and is intended to broaden the right of the court to appoint receivers, and (on page 187) dispels previous doubt as to the receiver's power to commence and prosecute actions on behalf of the estate.

The forewords to the Fourteenth Edition of Collier, supra, and the remarks by Senator O'Mahoney show that the whole subject was reconsidered after surveys and studies extending over a period of nine years. An interesting commentary by George Q. Johnson of the Chicago Bar is also found in Pocket Part of 8 Corpus Juris Secundum, Bankruptcy, pages 15, 17, and in Title 11 U.S.C.A., last volume, page XI, stating that the duty of receivers is "to preserve the estate for the protection of creditors or to prevent loss to the estate." See, also, pages 19 et seq., Collier, supra.

We cannot find where any authority has explicitly declared that the amendment does or does not extend to receivers the duty or authority to commence or prosecute a plenary suit to reach property fraudulently conveyed, so as to secure and preserve it for the trustee to administer to creditors whose right to subject it existed in equity. The case of Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613, cited by appellant, does not so hold.

The Act of 1898 did not expressly authorize a receiver to commence or prosecute any sort of a suit. The amendment authorizes him to do either or both, when the court so directs to preserve or protect the estate. This clears one doubt as to the construction of the old act. The old act authorized the appointment of a receiver when it was "absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts." And the new act took out the words "absolute necessity" and made the appointment a matter of judicial discretion, and he was appointed not only "to take charge of the property of bankrupts," as before, but also the additional duty "to protect the interests of creditors." But the court of bankruptcy must be satisfied that its authority to the receiver thus to act is necessary "to preserve the estate or to prevent loss thereto."

Appellant argues in substance that this authority is limited to a purpose to preserve the estate of the bankrupt, meaning his property rights, or losses to it, not embracing the property rights and estates which creditors only may reach, even though such rights vest in the trustee as of the date of the petition in bankruptcy, and that the duty "to protect the interests of creditors," as set out in the amendment, relates only to the property of the bankrupt or his estate, by virtue of the last clause in the amendment, supra.

■ But we think that an intention to extend the duty and authority to receivers to reach out for property subject to the debts of creditors when an emergency exists, so that it is about to be lost, and preserve, protect and add it to the estate for

distribution by the trustee to the creditors, is a fair interpretation of the amendment as a whole, considering especially the enlargement of the duty of receivers "to protect the interests of creditors." To construe it as appellant contends would be without giving substantial effect to that added clause. The inclusion of it by the amendment adds emphasis to its significance.

■ It seems to us that the "estate" to be preserved and protected from loss for the benefit of creditors was intended to include property which had been conveyed in fraud of creditors, thereby becoming a part of the estate as of the date of the petition in bankruptcy to be subject to the rights of creditors.

The decree of the trial court was in accord with our views, and it is affirmed.

Affirmed.

All the Justices concur.