Matter of **VALLEY CITY FURNITURE COMPANY**, a Michigan corporation, Debtor.
**No. 14154.**

United States District Court
W. D. Michigan, S. D.
April 17, 1958.

Harrington, Waer, Cary & Martin and Oscar E. Waer, Grand Rapids, Mich., for petitioner.

Luyendyk, Hainer, Hillman, Karr & Dutcher and Stephen W. Karr, Grand Rapids, Mich., for receiver.

STARR, Chief Judge.

On August 30, 1956, the Valley City Furniture Company, a Michigan corporation, filed petition for an arrangement under Chapter XI of the Bankruptcy Act, and an order was entered referring the matter to the referee in bankruptcy. On the same date Wadsworth Bissell was appointed and qualified as receiver of the debtor's estate.

Thereafter on December 4, 1956, the Oliver Machinery Company petitioned the referee for the reclamation of certain machinery and equipment which it had sold to the debtor company pursuant to a written instrument executed by the debtor on May 18, 1956. Following a hearing and the taking of testimony, the referee on August 14, 1957, filed his opinion and entered an order denying the petition for reclamation and denying the Oliver Company's claim of lien on the machinery and equipment. The order of the referee granted the company leave to file its claim as a general, unsecured creditor. On August 23, 1957, the Oliver Company filed petition for review of the referee's order of August 14th, and counsel have stipulated that the petition may be considered and determined by the court on briefs and without further hearing or oral argument.

The material facts in this matter are not in dispute. On May 18, 1956, the debtor company, in connection with its purchase of the machinery and equipment in question, executed and delivered to the Oliver Machinery Company a certain written instrument, and in their briefs counsel agree that this instrument was in legal effect under the law of Michigan a chattel mortgage. It was filed in the office of the register of deeds for Kent county, Michigan, on May 23, 1956. In the interim between the execution and the recording of this chattel mortgage the Buckeye Leather Company, in good faith and without notice of the mortgage, on May 22, 1956, sold certain merchandise to the debtor on credit for the sum of $727.65, which sum remains unpaid.

The receiver contends that the chattel mortgage held by the petitioner is null and void as against the receiver and all creditors of the debtor, on the ground that credit was extended to the debtor

by the Buckeye Leather Company without notice of the mortgage during the interim between the execution and the filing thereof. The receiver contends that the referee's denial of the petition for reclamation should be affirmed. On the other hand, the petitioner contends that the referee erred in holding the chattel mortgage to be null and void as against the receiver and all creditors of the debtor and in denying its petition for reclamation. Although petitioner concedes that its chattel mortgage was void as to the Buckeye Leather Company, an interim creditor, it nevertheless claims that it was not void as against the receiver and other creditors.

The sole question before the court is whether the petitioner's chattel mortgage, which is admittedly void as against the interim creditor,[1] is also void as against the receiver and all other creditors of the debtor company.

At the time the chattel mortgage in question was executed and recorded, Comp.Laws Mich.1948, § 566.140 provided as follows:[2]

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, *shall be absolutely void* as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county where the goods or chattels are located, and also where the mortgagor resides."

Section 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, provides in part:

"The trustee may have the benefit of all defenses available to the bankrupt as against third persons. * * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

Section 70, sub. e(1) and (2), of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e(1) and (2) provide as follows:

"e. (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate: *Provided, however,* That the court may on due notice order such transfer or obligation to be preserved for the benefit of the estate and in such event the trustee shall succeed to

---

1. See General Motors Acceptance Corporation v. Coller, 6 Cir., 106 F.2d 584, certiorari denied 309 U.S. 682, 60 S. Ct. 723, 84 L.Ed. 1026.

2. Although not applicable in the present case, it may be noted that this statute was amended by Act No. 153, Pub.Acts Mich. 1956, and again amended by Act No. 233, Pub.Acts Mich.1957, to provide in part as follows: "Provided, however, That no purchase money mortgage shall be void as against the creditors of the mortgagor if filed within 14 days from the date of the execution of such mortgage."

and may enforce the rights of such transferee or obligee. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whoever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State laws."

In Deane v. Fidelity Corporation of Michigan, D.C., 82 F.Supp. 710, 715, in considering and determining precisely the same question as that presented in the instant case, this court said in part:

"The third and final question is whether the chattel mortgage involved in the present case is void in its entirety or void only to the extent of the interim credit. Defendant contends that this question must be determined by Michigan law, while plaintiff contends that it is one of Federal law. The decision of the Supreme Court of the United States in the case of Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198, conclusively established that this question should be determined by the Federal law. That case and subsequent decisions established the rule that if the mortgage is voidable at all under local State law, it is voidable in its entirety and that the extent and distribution of the recovery of the mortgaged property or its value is governed by the Bankruptcy Act and not by local law. See Corley v. Cozart, 5 Cir., 115 F.2d 119; General Motors Acceptance Corporation v. Coller, supra (6 Cir., 106 F.2d 584); Friedman v. Sterling Refrigerator Co., 4 Cir., 104 F.2d 837; In re Independent Distillers of Kentucky, D.C., 34 F.Supp. 708; In re Johnson, D.C., 23 F.Supp. 337. In commenting on the case of Moore v. Bay, supra, it is stated in 4 Collier on Bankruptcy, 14th Ed., pages 1533, 1536:

" 'Since the decision in the Bay case, no dissenting voice has been raised by the courts. The accepted rule is that in a suit under § 70, sub. e if the transfer or obligation is voidable at all, it is voidable in toto. Thus where a chattel mortgage, because it was not filed promptly after its execution, is void as against creditors who extended credit to the bankrupt during the interim, it is void as against the trustee in its entirety, regardless of the extent of such interim credit.' * * *

"The court concludes * * * that under the Michigan law an interim creditor may avoid an unfiled chattel mortgage if he has, in good faith and without notice of the existence of the mortgage, extended credit to the mortgagor while it was off record."

See also decisions of this court in Re Tobias, D.C., 150 F.Supp. 288, 292; In re Truscott Boat & Dock Co., D.C., 92 F.Supp. 430, 434.

In the case of In re Cotter, D.C.E.D. Mich., 113 F.Supp. 859, 860, the court said:

"The chattel mortgage of June 26, 1952, was not filed with the Register of Deeds by petitioner until July 2, 1952. In the interim, credit was extended in good faith to the bankrupt by unsecured creditors. This chattel mortgage is void against the intervening creditors and the trustee. Compiled Laws Mich. 1948, § 566.140, Mich.Stat. Ann. § 26.929, Bankruptcy Act, § 70, subs. c, e, 11 U.S.C.A. § 110, subs. c, e."

Other courts have reached the same conclusion, as indicated in Zamore v. Goldblatt, 2 Cir., 194 F.2d 933, 934, certiorari denied 343 U.S. 979, 72 S.Ct. 1077, 96 L.Ed. 1370, in which the court said:

"It is argued by the appellants that the trustee could not attack the

mortgage because he represented only one small creditor whose claim arose before the date of the filing but one creditor who could attack it was enough to avoid the mortgage under Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, against later creditors represented by the trustee. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133; In re Sachs, 4 Cir., 30 F.2d 510, 514, 515; City of New York v. Rassner, 2 Cir., 127 F.2d 703, 707."

See also American Trust Co. v. New York Credit Men's Adjustment Bureau, Inc., 2 Cir., 207 F.2d 685, 689; In re Higgs, D.C., 126 F.Supp. 16, 18; In re Leven, D.C., 42 F.Supp. 484, 488.

■ The above authorities determine that a trustee in bankruptcy has the power to avoid a chattel mortgage which is avoidable by one creditor under State law, and the law is also well established that a receiver under Chapter XI of the Bankruptcy Act may avoid a chattel mortgage under like circumstances. Chapter XI, § 302, of the Bankruptcy Act, 11 U.S.C.A. § 702, provides as follows:

> "The provisions of chapters 1 to 7, inclusive, of this Act shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter, apply in proceedings under this chapter. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors', and 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter."

In the case of In re Kessler, D.C., 90 F.Supp. 1012, 1016, the court said:

> "Section 302, 11 U.S.C.A. § 702, incorporates the provisions of Chapters I to VII, inclusive, into Chapter XI, insofar as they are not inconsistent with the provisions of Chapter XI. Under § 2, sub. a(3) a receiver has been authorized to avoid a transfer made by the bankrupt,

Maynor v. Schaefer, 1943, 244 Ala. 111, 11 So.2d 846, and to avoid a mortgage invalid as against creditors. McGlue v. Loudon, 1925, 251 Mass. 173, 146 N.E. 255. Thus when the bankruptcy court is 'satisfied that such * * * authorization is necessary to preserve the estate or to prevent loss thereto,' the receiver may be afforded the remedies of the trustee under § 70, subs. c, e, 11 U.S.C.A. § 110, subs. c, e. See 4 Collier, Bankruptcy (Moore's ed. 1942) 1493; cf. Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198. This view as to the scope of powers authorized to be conferred upon receivers finds support in § 23, 11 U.S.C.A. § 46, providing for jurisdiction of actions by receivers; in § 11, sub. e, 11 U.S.C.A. § 29, sub. e, providing for time limitation on suits by receivers; and in § 48, sub. a(2), 11 U.S.C.A. § 76, sub. a(2), providing for compensation of receivers preforming other than custodial duties.

> "The exercise by receivers of the powers authorized in § 2, sub. a(3) of the Act are not inconsistent with the provisions of Chapter XI. Indeed, in Chapter XI proceedings the necessity for arming a receiver with the trustee's remedies under § 70, subs. c, e, is greater than in ordinary bankruptcy. In Chapter XI there is no provision for the appointment of a trustee unless the arrangement fails. § 378(1, 2), 11 U.S.C.A. § 778(1, 2). So fraudulent and void transfers might go unchallenged if the remedies available to a trustee under § 70, subs. c, e, could not be imparted to the receiver in the absence of a trustee. Manifestly such a result would not be in keeping with the policy of the statute to protect unsecured creditors, Moore v. Bay, supra, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133—the only creditors affected by an arrangement under Chapter XI. See Securities and Exchange Commission

**44**

v. U. S. Realty Co., 1940, 310 U.S. 434, 452, 60 S.Ct. 1044, 84 L.Ed. 1293."

For the reasons herein stated the court concludes: (1) That the referee in bankruptcy did not err in denying the Oliver Machinery Company's petition for reclamation and in denying its claim of lien on the machinery and equipment in question; (2) that the chattel mortgage held by the petitioner was null and void as against the Buckeye Leather Company as an interim creditor, and also null and void as against the receiver and all other creditors of the debtor company; (3) that the chattel mortgage held by the petitioner may be avoided in its entirety by the receiver under Chapter XI of the Bankruptcy Act.

The order of the referee in bankruptcy entered August 14, 1957, is hereby affirmed, and an order will be entered remanding this case to the referee for further proceedings in accordance with this opinion.

