In the Matter of **B–F BUILDING COR-PORATION, Bankrupt.**
**GENERAL ELECTRIC COMPANY** and General Electric Credit Corporation, Appellants,

v.

**Ralph H. COLEMAN, Trustee, Appellee.**

**No. 14236.**

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1960.

John H. Gherlein, Cleveland, Ohio (John H. Gherlein, John F. McClatchey, Thompson, Hine & Flory, Cleveland, Ohio, on the brief), for appellants.

Hugh Wells, Cleveland, Ohio, for appellee.

Before McALLISTER, Chief Judge, MARTIN and WEICK, Circuit Judges.

PER CURIAM.

In the bankruptcy proceeding of The B–F Building Corporation, an Ohio cor- poration, pending before the Referee in Bankruptcy, proofs of claim were filed by General Electric Company and the General Electric Supply Company in the respective amounts of $552,251.57 and $241,093.12. The claims were based upon a written contract of guaranty whereby the bankrupt was alleged to have guaranteed the payment of indebtedness owing by the Baird-Foerst Corporation, also an Ohio corporation, to said General Electric Companies for merchandise sold and delivered and for monies advanced from time to time in connection with accounts receivable financing.

The Referee in Bankruptcy sustained objections filed by the trustee in bankruptcy to the allowance of both claims and disallowed them. His decision was confirmed by the District Court (182 F.Supp. 602) and this appeal followed.

The reasons advanced by the Referee and the District Judge for disallowance of the claims were (1) that the contract of guaranty was signed Baird-Foerst Building Corporation, Inc. by W. J. Baird, President, H. Foerst, Vice President. There was no such corporation as Baird-Foerst Building Corporation, Inc. The correct name of the bankrupt was The B–F Building Corporation, (2) that the officers of the bankrupt had no authority to bind the corporation and (3) that the contract of guaranty was beyond the powers of the corporation and was ultra vires and void.

In our judgment, all of these grounds are without substance. First, the misdescription of the name of the bankrupt did not affect the validity of the contract where the intention was to bind the bankrupt corporation. 6 Fletcher, Corporations 144 Sec. 2444; County of Moultrie v. Fairfield, 105 U.S. 370, 377, 26 L.Ed. 945; Baldwin Realty Co. v. Smith, 23 Ohio N.P.,N.S., 489, 499. The stipulation signed by the parties in this case recited that no corporation existed having the name "Baird-Foerst Building Corporation, Inc. and *the real name of the bankrupt was The B–F Building Corpora-*

*tion"* (Emphasis added). The sole business of The B–F Building Corporation was owning and leasing a building to The Baird-Foerst Corporation. There was no claim that Baird and Foerst were connected with any other building company than the bankrupt. In signing the corporate name on the contract of guaranty they obviously used their last names instead of the initials which were part of the corporate name of the building company. This is a clear case of misnomer.

■■ The bankrupt and The Baird-Foerst Corporation were closed corporations. Baird and Foerst were President and Vice President, respectively, of The B–F Building Corporation and owned all of its shares of stock. They, together with Mr. Baird's wife, constituted the board of directors. Baird and Foerst also held the same offices in The Baird-Foerst Corporation and were directors of and principal shareholders of the company.

Under these circumstances, it can hardly be said that Baird and Foerst, in signing the contract of guaranty as executive officers of the bankrupt and owning all of its shares of stock, acted without authority. The fact that the corporate record book contained no minutes of directors authorizing the guaranty or any minutes after the organization of the company is not significant. It is recognized that officers and directors of a closed corporation frequently act informally, but nevertheless have authority to bind the corporation.

■ The articles of incorporation of the bankrupt granted specific authority to own, manage and operate buildings and in addition "to exercise all the powers and rights conferred by the laws of Ohio upon corporations formed under the General Corporation Act of the State of Ohio."

The Ohio statute in force at the time of the execution of the guaranty contract provided in part:

"In carrying out the purposes stated in its articles and subject to any limitations prescribed by law or in its articles, every corporation shall have authority * * * (c) to acquire, hold, encumber, transfer, *guarantee* and dispose of shares, bonds, and other evidences of indebtedness, securities, and contracts of other persons, associations and corporations, domestic or foreign, and form or acquire the control of other corporations; * * * (and) (f) to all things permitted by this act and to exercise all powers incidental to the purposes stated in its articles" (Emphasis supplied). Ohio General Code, § 8623-8(2)(c) and (f).

In executing the contract of guaranty, the building company was merely guaranteeing the indebtedness of its tenant which was the operating company.

By virtue of the broad authority contained in the articles of incorporation of the bankrupt and the Ohio statutes, the bankrupt, in our opinion, did have authority to enter into the contract of guaranty.

In any event, the defense of ultra vires was not available in this case to the trustee in bankruptcy.

■■ Whether or not the contract of guaranty was ultra vires is determined by the law of Ohio which was the state of incorporation of both companies. In Ohio, the defense of ultra vires was excluded by express statutory enactment. The Ohio statute provided:

"No lack of, or limitation upon, the authority of a corporation shall be asserted in any action except (1) by the state in an action by it against the corporation, (2) by or on behalf of the corporation against a director, an officer, or any shareholder as such, (3) by a shareholder as such or by or on behalf of the holders of shares of any class against the corporation, a director, an officer, or any shareholder as such, or (4) in an action involving an alleged over-issue of shares. This division shall apply to any action brought in this state upon

any contract made in this state by a foreign corporation." Ohio R.C. § 1701.13(H).

In 12 Oh.Juris.2d p. 456 the author says:

In Ohio, with the sole exception of the State, the doctrine of ultra vires no longer applies insofar as third parties dealing with the corporation are concerned.

The present case does not fall within any of the exceptions permitted by the statute. The District Judge in his opinion stated:

I must hold that the Trustee may raise this defense in this proceeding as if it were an action against the directors under Sec. 1701.13(H)(3).[1] 182 F.Supp. 603.

Since the filing of a proof of claim in a bankruptcy proceeding by a creditor against a bankrupt corporation is not an action against an officer or director of the corporation, we cannot treat it as such. The trustee in bankruptcy stands in no better position to urge the defense of ultra vires than would the bankrupt if suit had been brought against it prior to bankruptcy to enforce the contract of guaranty. He stands in the shoes of the bankrupt. Cf. Lewis v. Manufacturers National Bank, 6 Cir., 1960, 275 F.2d 454, 457.

If the bankrupt had desired to claim that the contract of guaranty was ultra vires, it should have made the claim prior to the time when credit was extended or monies advanced. The doctrine of estoppel prevents the assertion of ultra vires after a contract has been fully executed. London & Lancashire Indemnity Co., v. Fairbanks Steam Shovel Co., 112 Ohio St. 136, 147 N.E. 329.

The judgment of the District Court is reversed and the cause is remanded with instructions to vacate the order of the Referee in Bankruptcy disallowing the claims of appellants and to allow said claims in the amounts proven by them.

[1]. The opinion of the District Judge cited Sec. 1701.13(H) (3), but the parties here agreed that he obviously intended to cite Sec. 1701.13(H) (2) and we have corrected the quotation accordingly.